UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>          v.<br><br>DAVID LEE STONE and JOHN D. ROBSON,<br><br>                    Defendants,<br><br>and<br><br>HAROLD J. STONE,<br>GWENDOLYN STONE,<br>JUSTIN BLAKESLEY, and<br>BRETT R. ADAMS,<br><br>                    Relief Defendants. | 22 Civ. 3553 ( VM )<br><br>ORDER |

**ORDER FREEZING ASSETS AND PROVIDING FOR OTHER ANCILLARY RELIEF**

Plaintiff United States Securities and Exchange Commission has filed an emergency motion for an *ex parte* order: (1) freezing funds and other assets of Defendants David Lee Stone ("Stone") and John D. Robson ("Robson") (collectively, "Defendants"), and Relief Defendants Harold J. Stone ("H. Stone"), Gwendolyn Stone ("G. Stone"), Justin Blakesley ("Blakesley"), and Brett R. Adams ("Adams") (collectively, "Relief Defendants"); (2) requiring Defendants and Relief Defendants to provide accountings of all funds or other assets; (3) prohibiting the destruction or alteration of documents; (4) providing for expedited discovery; (5) providing

alternative service; (6) providing for the repatriation of funds, as necessary; and (7) setting this matter for a further hearing.

The Court has considered the record of this case, including the Complaint in this action; Plaintiff's Application for an Order Granting an *Ex Parte* Asset Freeze and Other Emergency Relief; the Memorandum of Law in Support of the Application, together with the Declarations of John Dwyer and Patrick McCluskey, and the attached exhibits; and the Certification of Counsel pursuant to Federal Rule of Civil Procedure 65(b).

Based on the record, the Court finds:

1. This Court has jurisdiction over the subject matter of this action and over Defendants and Relief Defendants.

2. The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 21(d)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(1)]. For purposes of freezing assets, the SEC has established a likelihood of success on the merits or that an inference can be drawn that the party has violated the federal securities laws.

3. There is good cause to believe that, unless funds and assets are frozen by order of this Court, the Defendants and Relief Defendants will dissipate, conceal, or transfer from the jurisdiction of this Court assets that could be subject to an order directing disgorgement or the payment of civil money penalties in this action.

4. There is good cause to believe that, unless ordered by this Court, Defendants and Relief Defendants may alter or destroy documents relevant to this action.

5. There is good cause to believe that an immediate accounting is necessary to identify the source, location, and use of Defendants' and Relief Defendants' potential unlawful gains and assets subject to the asset freeze.

6. There is good cause to believe that expedited discovery and alternative means of service are warranted.

7. Pursuant to Fed. R. Civ. P. 65(b), this Court specifically finds that there is a likelihood of irreparable injury unless this order is issued *ex parte*. There is good cause to believe that Defendants and Relief Defendants will dispose of, dissipate, or remove funds and assets from the jurisdiction of the Court. It is therefore appropriate for the Court to issue this Order *ex parte* so that prompt service on appropriate financial institutions and persons acting in concert with or directing the activities of Defendants and Relief Defendants can be made, thus preventing the dissipation of assets.

Now, therefore:

## I.

## ASSET FREEZE

IT IS HEREBY ORDERED that, pending further action by this Court:

A. $41,953,864 of assets, funds, or other property of Defendant David Lee Stone, wherever located or by whomever held, and whether acquired before or after institution of this action, are frozen (with allowance for necessary and reasonable living expenses to be granted by this Court only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard);

B. $21,637,257 of assets, funds, or other property of Defendant John Robson, wherever located or by whomever held, and whether acquired before or after institution of this

action, are frozen (with allowance for necessary and reasonable living expenses to be granted by this Court only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard);

   C. $1,528,490 of assets, funds, or other property of Relief Defendant Gwendolen Stone, wherever located or by whomever held, and whether acquired before or after institution of this action, are frozen (with allowance for necessary and reasonable living expenses to be granted by this Court only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard);

   D. $1,000,574 of assets, funds, or other property of Relief Defendant Harold Stone, wherever located or by whomever held, and whether acquired before or after institution of this action, are frozen (with allowance for necessary and reasonable living expenses to be granted by this Court only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard);

   E. $1,080,887 of assets, funds, or other property of Relief Defendant Justin Blakesley, wherever located or by whomever held, and whether acquired before or after institution of this action, are frozen (with allowance for necessary and reasonable living expenses to be granted by this Court only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard);

   F. $2,136,583 of assets, funds, or other property of Relief Defendant Brett Adams, wherever located or by whomever held, and whether acquired before or after institution of this action, are frozen (with allowance for necessary and reasonable living expenses to be granted by this Court only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard);

G. Defendants, Relief Defendants, and their affiliated entities, trusts, trustees, family members, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located;

H. Any bank, financial or brokerage institution or other person or entity holding any funds, securities or other assets in the name of, for the benefit of, or under the control of Defendants or Relief Defendants or their affiliated entities, trusts, trustees, family members, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets. This Order specifically applies, but is not limited, to the following accounts:

| Institution Name | Account Name | Last Four Digits of Known Accounts |
|---|---|---|
| Apex Clearing Corp. | David Stone | 2885 |
| Apex Clearing Corp. | Gwendolyn Stone | 9100 |
| Bank of America | David Stone | 3001 |
| Charles Schwab & Co. | David Lee Stone | 3069 |
| Charles Schwab & Co. | The Great Commission Fund | 7212 |
| DL Evans Bank | John D Robson | 1960 |
| DL Evans Bank | Harold Stone | 5701 |
| Fidelity Brokerage Services, LLC | David Stone | 2018 7517 0867 |
| Horizon Credit Union | Harold Joseph Stone | 3493 3758 |
| Idaho Central Credit Union | Justin E. Blakesley | 1394 |

| Institution Name | Account Name | Last Four Digits of Known Accounts |
|---|---|---|
| JPMorgan Chase Bank, NA | David Stone | 9586 |
| J.P. Morgan Securities, LLC | David L Stone | 7053 |
| NorthWest Christian Credit Union | David Lee Stone Gwendolyn Stone | 4120 |
| NorthWest Christian Credit Union | Accounts held in the name of David Lee Stone and Gwendolyn Stone's minor children | 8096 8097 0053 8859 |
| Robinhood Financial, LLC | David L Stone | 5823 |
| TD Ameritrade, Inc. | David Stone | 4280 f/k/a 8314 6617 f/k/a 9757 2762 |
| TD Ameritrade, Inc. | David Lee Stone as custodian for minor children | 6670 8904 f/k/a 2331 4290 f/k/a 8315 4487 f/k/a 8531 5539 f/k/a 9655 |
| TD Ameritrade, Inc. | John D Robson | 8181 |
| TD Ameritrade, Inc. | Gwendolyn Stone | 6745 2736 |
| TD Ameritrade, Inc. | Harold Joseph Stone | 8194 |
| TD Ameritrade, Inc. | Justin E. Blakesley | 8876 |
| TD Ameritrade, Inc. | Brett Adams | 1423 7710 |
| Wells Fargo | Justin E. Blakesley | 6403 |
| Zions Bank | Brett R. Adams | 2567 |

I.  No person or entity, including the Defendants or any Relief Defendant, or any creditor or claimant against the Defendants or any Relief Defendant, or any person acting on behalf of such creditor or claimant, shall take any action to interfere with the asset freeze, including, but not limited to, the filing of any lawsuits, liens, or encumbrances, or bankruptcy cases to impact the property and assets subject to this order; provided, however, that any party or non-party may seek leave from this order upon a proper showing; and

J.  Copies of this Order may be served by any means, including facsimile transmission and email, upon any entity or person that may have possession, custody, or control

of any assets of Defendants or Relief Defendants that may be subject to any provision of this Order.

## II.

## ASSET FREEZE – REAL PROPERTY

IT IS HEREBY FURTHER ORDERED that the SEC may file Notices of *Lis Pendens*, or any similar document that has the effect of clouding title, on all pieces of real property in which the Defendants or Relief Defendants have an interest. Should the Defendants or Relief Defendants wish to sell any piece of real property in which they have an interest, they shall give counsel for the SEC notice of the proposed sale prior to taking action to market or sell the property, and shall also seek and obtain the concurrence of the Court prior to the sale. The Defendants or Relief Defendant shall fully account for any proceeds received from the sale of such property to the Court and counsel for the SEC, and the proceeds of such sales shall be frozen pursuant to the provisions of this Order and submitted to the registry of the Court. The Defendants and Relief Defendants are hereby prohibited from further encumbering their interests in any real or personal property by means of pledging it for collateral for any purpose or by allowing it to secure any obligation. This order applies, but is not limited, to the following properties:

    A.    4406 Airport Road, Nampa ID 83687.

    B.    4416 Airport Road, Nampa, ID 83687.

    C.    5729 Chuckwagon Road, Nampa, ID 83686.

    D.    10358 Longtail Dr., Nampa, ID 83687.

    E.    1048 S. 20th Street, Nampa, ID 83686.

    F.    1209 3rd Ave N., Nampa, ID 83687.

G. 15841 Canyon Lake St., Caldwell, ID 83607.

H. 17457 Sunnydale Pl, Caldwell, ID 83607.

### III.

### SWORN ACCOUNTING

IT IS HEREBY FURTHER ORDERED that each Defendant and each Relief Defendant shall, within **five business days** of the service of this order, file with this Court, and serve on the SEC's counsel of record: HeinkeN@sec.gov and GoldmanF@sec.gov, a sworn accounting of the following for the period November 2020 to the present:

A. All assets, funds, or other properties, real or personal, held jointly or individually, for each person direct, indirect, beneficial or other interest, or over which each maintains control, wherever situated, stating the location, value, and disposition of each such asset, fund, and other property;

B. All accounts (including, but not limited to, bank accounts, savings accounts, securities accounts and deposits of any kind wherever situated) in which each (whether jointly or solely) directly or indirectly any Defendant or Relief Defendant has an interest or over which any Defendant or Relief Defendant has the power or right to exercise control; and

C. All funds, whether in the form of compensation, commissions, income (including payments for assets, shares or property of any kind), and other benefits (including the provision of services of a personal or mixed business and personal nature) received by each Defendant or Relief Defendants, whether directly or indirectly.

## IV.

## **PRESERVATION OF EVIDENCE**

IT IS HEREBY FURTHER ORDERED that, the Defendants, Relief Defendants, and their affiliated entities, trusts, trustees, family members, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, are prohibited from destroying or altering evidence, including documents, records, or data. Pending further order of the Court or resolution of this matter, Defendants, Relief Defendants, and their affiliated entities, trusts, trustees, family members, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document, record, or data referring or relating in any manner to any transactions described in the SEC's Complaint in this action, or to any communications by or between the Defendant and Relief Defendants.

As used in this order, documents, records, and data refer to the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, text messages, messages or "chats" on any application, social media accounts, internet search or visit histories, any record, document, or information relating to stock trades or the Motley Fool, including any data that resides on any phone or computer, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

V.

**EXPEDITED DISCOVERY**

IT IS HEREBY FURTHER ORDERED that the SEC's application for expedited discovery concerning Defendants and Relief Defendants, their assets, and their activities is granted and that, commencing with the time and date of this Order until resolution of the Order to Show Cause, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, and Rule 30.1A of the Local Rules of this Court, discovery shall proceed as follows:

A. Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the parties may take depositions upon oral examination on **three days'** notice of any such deposition. Depositions may be taken in-person, telephonically, or by video conference. As to Defendants, Relief Defendants, and their affiliated entities, trusts, family members, agents, servants, employees, associates, and trustees, the SEC may depose such witnesses after serving a deposition notice by e-mail upon Defendant or Relief Defendant, and without serving a subpoena on such witness. Depositions that have not been signed by the witness may be used for purposes of any hearing on this order;

B. Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the parties shall answer interrogatories within **three days** of service of such interrogatories. Interrogatories and responses to any interrogatory shall be served by e-mail upon the parties or their counsel;

C. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the parties shall produce all documents requested within **three days** of service of such request. Documents produced to the SEC shall be produced electronically as counsel for the SEC may direct in writing. Requests for production shall be served by e-mail upon the parties or their counsel;

D. All written responses to the SEC's requests for discovery under the Federal Rules of Civil Procedure shall be served by email on the SEC's counsel of record: HeinkeN@sec.gov and GoldmanF@sec.gov; and

E. In connection with any discovery from any non-party, deposition or document discovery may be had within **five days** of service of a subpoena pursuant to Rule 45. Service of a subpoena shall be made by facsimile or e-mail.

## VI.

## ALTERNATIVE SERVICE

IT IS HEREBY FURTHER ORDERED that service of the Summons and Complaint, this Order, and all other papers and filings may be made upon Defendants, Relief Defendants, their counsel, or agents for service of process, by facsimile, mail, e-mail, delivery by commercial courier, or personally by any employee of the SEC who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure.

## VII.

## REPATRIATION OF ASSETS

IT IS HEREBY FURTHER ORDERED that Defendants and Relief Defendants shall, in conjunction with the ordered asset freeze, repatriate, and take such steps as are necessary to repatriate, to the territory of the United States of America, any and all assets and funds, held by them or in their name, or in which any of them, directly or indirectly, has or had any beneficial interest, or over which any of them maintained or maintains and/or exercised or exercises control, including but not limited to any and all assets and funds:

A. Held in foreign bank, brokerage, or other financial accounts; or

  B.  Transferred out of the United States from any account within the territory of the United States at any point from:

   i. As to Stone, G. Stone, and H. Stone, November 2020 to the present; and

   ii. As to Robson, January 2021 to the present;

   iii. As to Blakesley, March 2021 to the present; and

   iv. As to Adams, June 2021 to the present.

To effectuate this repatriation, Defendants and Relief Defendants shall provide to this Court and counsel for the SEC, within **seven days** of this Order, a written description of all such funds and assets required to be repatriated, and the status and location of such funds, so that the Court may Order those assets to be temporarily unfrozen to allow for their repatriation.

## VIII.

## JURISDICTION RETAINED

IT IS HEREBY FURTHER ORDERED that the Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED, this __3__ day of May, 2022, at ____5____ o'clock __p_ m.

Victor Marrero
U.S.D.J.