UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>    v.<br><br>DAVID LEE STONE and JOHN D. ROBSON,<br><br>      Defendants,<br><br>and<br><br>HAROLD J. STONE,<br>GWENDOLYN STONE,<br>JUSTIN BLAKESLEY, and<br>BRETT R. ADAMS,<br><br>      Relief Defendants. | 22 Civ. 3553  ( VM ) |

**ORDER MODIFYING ORDER FREEZING ASSETS AND PROVIDING FOR OTHER ANCILLARY RELIEF AS TO RELIEF DEFENDANT HAROLD STONE**

On May 3, 2022, this Court issued an emergency *ex parte* order: (1) freezing funds and other assets of Defendants David Lee Stone ("Stone") and John D. Robson ("Robson") (collectively, "Defendants"), and Relief Defendants Harold J. Stone ("H. Stone"), Gwendolyn Stone ("G. Stone"), Justin Blakesley ("Blakesley"), and Brett R. Adams ("Adams") (collectively, "Relief Defendants"); (2) requiring Defendants and Relief Defendants to provide accountings of all funds or other assets; (3) prohibiting the destruction or alteration of documents; (4) providing for expedited discovery; (5) providing alternative service; (6) providing for the repatriation of

funds, as necessary; and (7) setting this matter for a further hearing (Dkt. No. 17) ("TRO Order").

Plaintiff United States Securities and Exchange Commission ("SEC") and Relief Defendant Harold Stone have agreed that the TRO Order should be modified to permit Mr. Stone to have access to up to $5,000 per month from his checking account at Northwest Christian Credit Union, account ending 8878, into which the proceeds of his employment are deposited, to pay for reasonable living expenses.

The SEC and Mr. Stone have further agreed that, based on Mr. Stone's representations, certain accounts are not subject to the TRO Order.

Now, therefore:

IT IS HEREBY ORDERED that, pending a ruling following a show cause hearing or other stipulation agreed to by the parties and entered by this Court, Relief Defendant Harold Stone shall be permitted to access up to $5,000 per month from his checking account at Northwest Christian Credit Union, account ending 8878, to pay for reasonable living expenses.

IT IS HEREBY FURTHER ORDERED that, for avoidance of doubt, amounts that Mr. Stone's wife earns from her employment are not subject to the TRO Order, and Mr. Stone's wife shall be permitted to open a separate account at a financial institution into which these earnings will be deposited.

IT IS HEREBY FURTHER ORDERED that, for avoidance of doubt, the following accounts at DL Evans bank principally receive and distribute funds related to Mr. Stone's property management business, rather than funds that belong to him, and thus these accounts are not subject to the TRO Order, except that any funds in the accounts that belong to Mr. Stone shall not be spent or dissipated, but rather shall be periodically transferred to the Northwest

Christian Credit Union account ending 8878, which is subject to the TRO Order (with the exception of the carve-out noted above):

| Account Name | Ending Digits of Account Number |
|---|---|
| 8 Percent Greenleaf & Maple, LLC | #2355 |
| 8 Percent Juniper, LLC | #2363 |
| 207 Crestline, LLC | #2371 |
| 8 Percent Amity & Delaware, LLC | #2398 |
| 8 Percent 20th and Taylor, LLC | #2479 |
| Harold J Stone, Inc DBA R Sweet Home | #3734 |
| 7 & 9, LLC | #5591 |
| Stones Notes LLC | #08434 |
| Randolph Drive LLC | #8442 |
| Harold J Stone, Inc | #1714 |

IT IS HEREBY FURTHER ORDERED that the TRO Order shall remain in effect in all other respects until the Court issues a ruling following the show cause hearing in this matter, or the parties reach further stipulations that are entered by this Court.

SO ORDERED, this 6th day of June, 2022, at 11 o'clock a.m.

_____
Victor Marrero
U.S.D.J.