

August 8, 2022

**Via ECF**
Frank D. Goldman
Nicholas P. Heinke
Securities and Exchange Commission
1961 Stout Street, 17th Floor
Denver, Colorado 80294

      Re:    *Securities and Exchange Commission v. Stone, et al.*, Case No. 1:22-cv-03553-VM (S.D.N.Y.)

Dear Frank and Nic:

    We write pursuant to Judge Marrero's Individual Practices § II(B)(1), to advise you that we will join the other Relief Defendants in filing a motion to dismiss the Complaint. We too consent to the filing of an amended complaint.

    As with the other Relief Defendants, Harold Stone ("Harold") is the subject of a single claim for disgorgement of funds that were earned from stock/option trades in an account in Harold's name. Compl. ¶¶ 78-83. Likewise, there is no allegation that Harold participated in or knew about the trades and no attempt to name any alleged victims. Compl. ¶¶ 152-157.

    In the interest of brevity, we incorporate those arguments made by counsel for John Robson and Brett Adams by letters dated July 11, 2022. Having answered the initial complaint, we may proceed under Rule 12(c) as opposed to Rule 12(b). We note, however, the standard for deciding a motion for judgment on the pleadings filed pursuant to Rule 12(c) is not materially different from the standard for deciding a motion to dismiss filed pursuant to Rule 12(b)(6), *Kaite v. Altoona Student Transportation, Inc.*, 296 F.Supp.3rd 736

(W.D. Pa. 2017).  Either motion may be used to seek the dismissal of a complaint based on a plaintiff's "failure to state a claim upon which relief can be granted."  *See* 12(h)(2)(B).

In addition to the inadequacies set forth in the previous letters, we want to make clear that we do not believe the SEC has sufficiently pled a violation of Section 10(b) of the Exchange Act and Rule 10b-5 against Defendant David Lee Stone.  The allegations set forth in the Complaint against David Lee Stone do not allege a cognizable violation of federal securities law necessary to invoke the disgorgement remedy asserted against Harold.

In conclusion, we intend to file a motion to dismiss for the reasons set forth in this correspondence.  Pursuant to Judge Marrero's practices, we will evaluate your response to this letter and the prospective amended complaint before doing so.  In the interim, we remain willing to confer as you may so request.

Sincerely,

Vaughn Fisher
Marta Horton