UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> DAVID LEE STONE and JOHN D. ROBSON, <br><br> Defendants, <br><br> and <br><br> HAROLD J. STONE, GWENDOLYN STONE, JUSTIN BLAKESLEY, and BRETT R. ADAMS | CASE NO. 22-CV-3553 (VM) <br><br> **STIPULATED ORDER RELATING TO RELIEF DEFENDANT HAROLD STONE** |

On May 3, 2022, the United States Securities and Exchange Commission (the "SEC") filed a Complaint (the "Complaint") naming, *inter alia*, Harold Stone as a Relief Defendant. In connection with that Complaint, the SEC filed an emergency motion for an Order temporarily freezing funds and other assets of Defendants and the Relief Defendants and providing other emergency relief. ECF No. 3.

On the same day, the Court entered an Order Freezing Assets and Providing for Other Ancillary Relief, ECF No. 17, freezing assets, funds, or other property of, *inter alia*, Harold Stone, including bank and trading accounts and real estate belonging to Harold Stone (the "Asset Freeze Initial Order").

On or about May 10, 2022, the SEC and Harold Stone, among others, filed a proposed stipulation noting that Harold Stone, among others, consented to an extension of the Asset Freeze

1

Initial Order until the Court issues its ruling following any show cause hearing, with the exception of any carve-outs or other modifications of the Asset Freeze Initial Order as may be proposed by the parties and entered by the Court. ECF No. 39.

On May 23, 2022, this Court entered a consented-to Order that, among other things, permitted Mr. Stone to move funds in his TD Ameritrade account ending 8194 to a cash position. ECF No. 44. Mr. Stone has not yet moved any funds in this account to a cash position.

On June 6, 2022, this Court entered a consented-to Order modifying the Asset Freeze Initial Order to permit Harold Stone to access up to $5,000 per month for reasonable living expenses, and clarifying that Harold Stone's wife's earnings and certain other accounts were not subject to the Asset Freeze Initial Order ("Carve Out Order"). ECF No. 56.

On June 14, 2022, Harold Stone served a verified accounting of his assets, dated June 6, 2022 ("Verified Accounting") on the SEC. *See* ECF No. 59.

On June 16, 2022, this Court entered a consented-to Order permitting Mr. Stone to transfer funds from a US Bank account to another account, and to close the US Bank account. ECF No. 63. Mr. Stone has determined that the US Bank account no longer needs to be closed, and thus the US Bank account remains open at this time.

On August 23, 2022, the SEC, with the consent of Harold Stone, filed a stipulated motion for an entry of a proposed stipulation and order ("Stipulation and Order") relating to the Asset Freeze Initial Order whereby Harold Stone, without admitting or denying the allegations of the Complaint or conceding the legal or factual basis for the Asset Freeze Initial Order, agreed to a modified extension of the Asset Freeze Initial Order until further order of the Court or a final disposition of this action with respect to him.

The Court, having considered the entire record of the case, hereby accepts the proposed Stipulation and Order.

**Now, therefore,**

**IT IS ORDERED** that, the Asset Freeze Initial Order is hereby extended, subject to the provisions herein, until final adjudication of this case on the merits or further order of the Court relating to the Stipulation and Order or the Asset Freeze Initial Order.

**IT IS FURTHER ORDERED** that the following assets of Harold Stone's will be or will remain frozen, pursuant to the Asset Freeze Initial Order, until final adjudication of this case on the merits or further order of the Court relating to the Stipulation and Order or the Asset Freeze Initial Order:

**Brokerage Accounts**

| Institution Name | Account Name | Last Four Digits of Known Account |
|---|---|---|
| TD Ameritrade | Harold Joseph Stone | 8194 |

**Property**

| Property Address | Property Owner |
|---|---|
| 5729 Chuckwagon Rd., Nampa, ID | Harold Joseph Stone and Brenda Kay Stone |
| 1048 S. 20th St, Nampa ID | 8 Percent 20th and Taylor LLC |
| 526 E. Pine Ave., Meridian, ID | Harold Stone LLC |
| 9235 Carolyn St., Nampa, ID | Harold Stone LLC |
| 207 Crestline Ave., Caldwell, ID | 207 Crestline LLC |
| 7 11th Ave. S., Nampa, ID | 7 & 9 LLC |
| 9 11th Ave. S., Nampa, ID | 7 & 9 LLC |
| 2210 S. Juniper St., Nampa, ID | 8 Percent LLC |
| 1116 Amity Ave., Nampa, ID | 8 Percent Amity and Delaware LLC |
| 911 W. Delaware Ave., Nampa, ID | 8 Percent Amity and Delaware LLC |
| 8 N. Greenleaf St., Nampa, ID | 8 Percent Greenleaf and Maple LLC |
| 403 S. Maple St., Nampa, ID | 8 Percent Greenleaf and Maple LLC |
| 3100 Hwy 95, Council, ID | Harold J. Stone and Brenda K. Stone |
| 12913 Delmar Ave. Murphy, ID | Harold Stone, LLC |

| 224 E. Reynolds St., Urbana, Ohio | Stone Notes, LLC |

The SEC may file Notices of *Lis Pendens*, or any similar document that has the effect of clouding title, on all pieces of real property listed above. Should Harold Stone wish to sell any piece of real property listed above, he shall give counsel for the SEC notice of the proposed sale prior to taking action to market or sell the property, and shall also seek and obtain the concurrence of the Court prior to the sale. Harold Stone shall fully account for any proceeds received from the sale of such property to the Court and counsel for the SEC, and the proceeds of such sales shall be frozen pursuant to the provisions of this Order and submitted to the registry of the Court. Harold Stone shall maintain insurance on the real properties listed above in the manner and at the value that is currently being maintained. No assignment, transfer, pledge, mortgage, security interest, lien, or other encumbrance of any nature in, to, or against any part of any real property listed above shall be allowed without approval of the Court.

The SEC and Harold Stone shall each have the right to move the Court for relief from this Stipulation and Order and the Asset Freeze Initial Order, including the right to move to terminate or amend this Stipulation and Order and the Asset Freeze Initial Order, and the other party shall have the right to oppose any such motion. The entry of this Stipulation and Order is without prejudice to any such future motion seeking relief from, or amendment to, this Stipulation and Order and the Asset Freeze Initial Order.

**IT IS FURTHER ORDERED** that the provision of the Carve Out Order permitting Harold Stone to access up to $5,000 per month from his checking account at Northwest Christian Credit Union, account ending 8878, to pay for reasonable living expenses is now **TERMINATED** as moot, since Harold Stone's checking account at Northwest Christian Credit Union ending 8878 is no longer subject to the Asset Freeze Initial Order or this Stipulation and Order.

5

**IT IS FURTHER ORDERED** that, with respect to Harold Stone, all briefing deadlines on the pending show cause motion and the hearing on such a motion are now **TERMINATED** as moot.

**SO ORDERED**, this  24  day of August, 2022.

_____
Victor Marrero
U.S.D.J.