# McGuireWoods

**McGuireWoods LLP**
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

**Jason H. Cowley**
Direct: 212.548.2138
jcowley@mcguirewoods.com
Fax: 212.715.2311

October 31, 2022

**BY ECF**
The Honorable Victor Marrero
United States District Court, Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      RE:     *Securities and Exchange Commission v. Stone et al.*, 22 Civ. 3553 (VM)

Dear Judge Marrero:

We write in reply to the Securities and Exchange Commission's (the "SEC") response to our pre-motion letter for reconsideration of the Court's October 7, 2022 Order denying our request for the release of $150,000 in untainted funds to be used for Mr. Robson's defense without the imposition of additional conditions sought by the SEC. As set forth herein, the SEC misconstrues our position and does not address our core argument with respect to our request for reconsideration. While courts unequivocally have discretion with respect to the imposition of asset freeze orders, courts in this District have crafted a standard for the exercise of that discretion with respect to the release of funds for legal fees. That standard, unchallenged by the SEC, stands for the proposition that should a defendant have sufficient assets to cover a potential disgorgement remedy (as opposed to disgorgement plus maximum civil penalties), he should be permitted access to untainted funds to defend himself. The Court quoted and appeared to endorse that standard in its Order, but then misapplied it to reject Mr. Robson's request. Should the Court wish to exercise its discretion in a manner consistent with the case law in this District, it should order the release of the requested funds without allowing the SEC to impose its onerous conditions on such release.

In opposition to our request, the SEC raises arguments that are either not in dispute or mischaracterize our position and fails to grapple with the grounds for reconsideration actually offered. Mr. Robson does not contest that courts may impose asset freezes to cover the full amount of a potential judgment. *See* Robson Letter, ECF No. 151 at 3 ("[T]he SEC may obtain an asset freeze in the amount of a total possible judgment."). Mr. Robson does not challenge the imposition or scope of the asset freeze. *See id.* Nor does Mr. Robson contend, as the SEC suggests, that "a defendant would be entitled to the release of frozen funds—with no conditions attached—of any amount over disgorgement." SEC Letter, ECF No. 154 at 3. Our request is much more modest.

Rather, Mr. Robson seeks reconsideration because it appears from the Court's Order that although the Court sought to exercise its discretion in a manner consistent with the prevailing standard in this District for the release of untainted funds specifically *for legal fees*, it did not do so because it misapplied that standard. The Court appeared to hold that because Mr. Robson did not have sufficient assets to satisfy the amount of disgorgement *and civil penalties* sought in the

October 31, 2022
Page 2

Amended Complaint, it would be appropriate to block Mr. Robson's access to those funds to pay for his defense unless he complies with the SEC's conditions on the release of funds.  The only reason the Court gave for denying Mr. Robson's request was that Mr. Robson did not have sufficient assets to cover the whole of the potential judgment (inclusive of disgorgement *and* penalties) the SEC could obtain.  That holding is contrary to the prevailing standard in this District that this Court appeared to endorse, and therefore reconsideration is warranted.  Mr. Robson respectfully submits that applying the correct standard and considering facts relevant to that properly applied standard might reasonably be expected to alter the Court's decision.

Notably, the SEC does not disagree with Mr. Robson that the relevant standard articulated by courts in this District for the release of funds for legal fees looks to whether the defendant has sufficient assets to satisfy the disgorgement remedy only, *not* disgorgement plus penalties.  *See, e.g.*, *SEC v. Santillo*, 2018 WL 3392881, at *4 (S.D.N.Y. July 11, 2018); *SEC v. FTC Capital Markets, Inc.*, 2010 WL 2652405, at *7 (S.D.N.Y. June 30, 2010).  In its response, the SEC does not even cite *Santillo* or *FTC Capital Markets*, let alone contest that the word "damages" in these cases refers to disgorgement and is *not* a reference to penalties.  Instead, the SEC cites to cases that pertain only to the scope of the Court's authority to freeze assets in the first instance.  These cases say nothing about the standard developed in this District for the exercise of discretion for the release of funds for legal fees once an asset freeze has been imposed.

The prevailing standard in this District favors the release of $150,000 for legal fees without the imposition of the SEC's conditions.  Because sufficient assets exist to cover a disgorgement remedy, the release of untainted funds will not allow Mr. Robson to use alleged ill-gotten gains to fund his defense.  Notably, the SEC cites no case that supports the imposition of additional conditions on legal fees where the *Santillo* factors have been satisfied.  To our knowledge, none exist.

Equity supports the same result.  The SEC remarkably seeks to condition the release of funds for the legal defense of this action on the encumbering of untainted company profits that, until they are used by Mr. Robson personally, are expressly outside the ambit of the current asset freeze.  Its requested conditions would create an additional, unnecessary, and unfunded asset-diminishing tax liability and would undermine the value of the untainted companies Mr. Robson co-owns (in tension with the governing asset stipulation the SEC entered).  Further compounding this inequitable result, the SEC's conditions would likely preclude Mr. Robson from using any of these untainted funds to satisfy his currently pending 2021 federal tax liability, as he hopes to do eventually should the Court authorize it, because they would be encumbered under the SEC's condition.  *See* ECF No. 152 (explaining tax liability).  None of this comports with equity in the face of a measured request for $150,000 to mount a legal defense.

For these reasons, we respectfully request that the Court reconsider its prior Order, exercise its discretion in a manner consistent with *Santillo* and its progeny, and grant Mr. Robson's request for the release of $150,000 in funds to pay his legal fees without the unwarranted conditions demanded by the SEC.

October 31, 2022
Page 3

/s/ Jason H. Cowley
Jason H. Cowley
Roy G. Dixon, III
McGuireWoods LLP
jcowley@mcguirewoods.com

Nathan Pittman
Nevin, Benjamin & McKay LLP
npittman@nbmlaw.com

*Counsel for John D. Robson*

CC:  Counsel of Record