# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Case No:  1:22-cv-03553 (VM) |
| Plaintiff, | |
| v. | **PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S AND DEFENDANT DAVID STONE'S STIPULATION FOR MODIFICATION OF THE ASSET FREEZE ORDER** |
| DAVID LEE STONE and JOHN D. ROBSON, | |
| Defendants, | |
| and | |
| HAROLD J. STONE, GWENDOLYN STONE, JUSTIN BLAKESLEY, and BRETT R. ADAMS, | |
| Relief Defendants. | |

Plaintiff United States Securities and Exchange Commission ("SEC"), Defendant David Lee Stone ("David Stone" or "Defendant"), and Relief Defendant Gwendolyn Stone ("Gwen Stone" or "Relief Defendant"), respectfully submit this consented-to motion for a stipulated order permitting the sale of securities owned by David Stone and Gwen Stone that are subject to the Order Freezing Assets and Providing for Other Ancillary Relief (Dkt. No. 17) (the "Asset Freeze Order"), as modified throughout this litigation, with the proceeds from the sale of those securities to be held in frozen FDIC-insured brokerage(s) or money-market account(s) until

further order of the Court.   The parties have explained that, if they reach a settlement, David and Gwen Stone would consent to the entry of Final Judgments that, if approved by the SEC's Commissioners and entered by the Court, would fully resolve the SEC's monetary claims against them.   In support of this motion, the SEC, David Stone and Gwen Stone state as follows:

1.   On May 3, 2022, the United States Securities and Exchange Commission (the "SEC") filed its initial Complaint (the "Complaint") in this matter, which named, *inter alia*, David Lee Stone as Defendant and Gwendolyn Stone as Relief Defendant.   In connection with that Complaint, the SEC filed an emergency motion for an Order temporarily freezing funds and other assets of all of the defendants and relief defendants in this matter and providing other emergency relief. [Dkt 3].

2.    On the same day, the Court entered an Order Freezing Assets and Providing for Other Ancillary Relief, Dkt 17 ("the Asset Freeze Order"), freezing assets, funds, or other property of, *inter alia*, David Stone and Gwen Stone, including bank and brokerage accounts and real estate.   Specifically, on May 3, 2022, this Court entered the Asset Freeze Order, which froze up to $41,953,864 of assets, funds, or other property of David Stone and froze up to $1,528,490 of assets, funds, or other property of Gwen Stone.

3.   On May 10, 2022, the SEC, Defendant David Stone, and Relief Defendant Gwendolyn Stone, among others, filed a proposed stipulation noting that

David Stone and Gwen Stone, among others, consented to an extension of the Asset Freeze Order, with the exception of any modifications that might be proposed and entered by the Court.  [Dkt 39].

4.      On September 23, 2022, David Stone pleaded guilty in a related criminal action to conduct relating to matters alleged in the Amended Complaint in this action. Specifically, in <u>United States v. David Stone</u>, Case No. 22-CR-510-001 (MKV), David Stone pleaded guilty to Count One of an Information charging him with a violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5, thereunder [17 C.F.R. § 240.10b-5].

5.      After David Stone pleaded guilty in the related criminal action, the SEC and he reached a bifurcated settlement in this civil action, which resolved David Stone's liability as to all non-monetary relief.  As reflected in the SEC's unopposed motion for entry of judgment and David Stone's consent ([Dkts 167 & 167-1)], David Stone agreed to, among other things, an injunction that permanently restrains and enjoins him from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5, thereunder [17 C.F.R. § 240.10b-5].  Among other things, David Stone also agreed that if the parties were unable to resolve the SEC's monetary claims, the Court would determine the appropriate amounts of monetary relief.  [<u>See</u> Dkt 167]. The Court entered the consented-to Judgment against David Stone, in accordance with the parties' regarding his liability, in accordance with the parties' agreement on November 17, 2022.  [Dkt 168].

6.     The SEC, David Stone, and Gwen Stone have engaged in settlement discussions regarding the SEC's claims for monetary relief.   To facilitate such a potential settlement, the SEC, David Stone, and Gwen Stone hereby stipulate and agree as follows with respect to the securities held in brokerage accounts of David and Gwen Stone:

a.     David and Gwen Stone shall sell/liquidate the securities held in the following brokerage accounts ("Brokerage Accounts"):

| Held by | Institution | Type of Account | Last 4 Digits of Account Number | Balance** |
|---------|-------------|-----------------|--------------------------------|-----------|
| DS | JP Morgan Chase | Taxable Brokerage | -7053 | $3,765.84 |
| DS | Fidelity Investments | Taxable Brokerage | -2018 | $59,814.84 |
| DS | Robinhood | Taxable Brokerage | -5823 | $22,108.52 |
| DS | Charles Schwab | Taxable Brokerage | -3069 | $42,994.43 |
| DS | TD Ameritrade | Taxable Brokerage | -6617 | $146,320.68 |
| DS | TD Ameritrade | Roth IRA | -2762 | $516,038.65 |
| DS | TD Ameritrade | IRA | -4280 | $227,068.93 |
| GS | TD Ameritrade | Taxable Brokerage | -6745 | $96,977.96 |
| GS | TD Ameritrade | Roth IRA | -2736 | $453,490.07 |
| D | TD Ameritrade | Custodial | -8904 | $5,199.32 |
| D | TD Ameritrade | Custodial | -4290 | $7,092.01 |
| D | TD Ameritrade | Custodial | -4487 | $3,955.94 |
| D | TD Ameritrade | Custodial | -5539 | $4,482.17 |

| D | TD Ameritrade | Custodial | -6670 | $3,902.56 |
|---|---|---|---|---|
| DS | Tradeville | Brokerage | -HX07.US | $99.14 |

**DS   David Stone**
**GS   Gwendolyn Stone**
**D   Dependent (child)**

**\*\* Balances are approximate**

      b.    Within thirty (30) days following the entry of this Order, David Stone and Gwen Stone shall completely sell/liquidate the securities held in the Brokerage Accounts referenced above.

      c.    Within fourteen (14) days after completing the sales of the securities held in the Brokerage Accounts referenced above, David Stone and Gwen Stone shall provide documentation to the SEC reflecting the sale (and amount of proceeds received from such sales) of those securities.

      d.    David and Gwen Stone shall not make any withdrawals from the Brokerage Accounts, and the Brokerage Accounts shall remain frozen in accordance with terms of the Asset Freeze Order; however, David and Gwen Stone shall be allowed to hold the proceeds from the sale of the securities in the Brokerage Accounts in an FDIC insured or money market account or accounts offered by the brokerage firms.

WHEREFORE, the SEC, David Stone, and Gwen Stone respectfully request the Court modify the Asset Freeze Order by entering the attached proposed Order.

Dated: April 10, 2023                 Respectfully submitted,

                                      *s/ Christopher E. Martin*
                                      Frank D. Goldman (FG9921)
                                      Nicholas P. Heinke (pro hac vice)
                                      Christopher E. Martin (pro hac vice)
                                      SECURITIES AND EXCHANGE
                                      COMMISSION
                                      1961 Stout Street, 17th Floor
                                      Denver, Colorado 80294
                                      (303) 844-1000
                                      goldmanf@sec.gov
                                      heinken@sec.gov
                                      martinc@sec.gov
                                      Counsel for the SEC


Dated: April 10, 2023                 */s/Thomas Monaghan*
                                      Thomas Monaghan
                                      Thomas Monaghan Law, PLLC
                                      Attorney for Defendant
                                      DAVID LEE STONE

                                      and

                                      Attorney for Relief Defendant
                                      GWENDOLYN STONE

STIPULATION                    6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 10, 2023 a true and correct copy of the

foregoing stipulation was filed electronically with the Clerk of the Court using the

CM/ECF system, which will send notification of such filing to all counsel of record.


/s/Thomas Monaghan
Thomas Monaghan