# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DAVID LEE STONE and JOHN D. ROBSON,<br><br>　　　　　　Defendants,<br><br>and<br><br>HAROLD J. STONE, GWENDOLYN STONE, JUSTIN BLAKESLEY, and BRETT R. ADAMS,<br><br>　　　　　　Relief Defendants. | Case No: 1:22-cv-03553 (VM)<br><br>**[PROPOSED] STIPULATED ORDER RELATING TO DEFENDANT DAVID LEE STONE AND RELIEF DEFENDANT GWENDOLYN STONE RE: ASSET FREEZE INITIAL ORDER** |

　　　　On May 3, 2022, the United States Securities and Exchange Commission (the "SEC") filed its initial Complaint (the "Complaint") in this matter, which named, *inter alia*, David Lee Stone as Defendant ("David Stone" or "Defendant") and Gwendolyn Stone as Relief Defendant ("Gwen Stone" or "Defendant"). In connection with that Complaint, the SEC filed an emergency motion for an Order temporarily freezing funds and other assets of all of the defendants and relief defendants in this matter and providing other emergency relief. [Dkt 3].

　　　　On the same day, the Court entered an Order Freezing Assets and Providing

ORDER – 1

for Other Ancillary Relief, Dkt 17 ("the Asset Freeze Order"), freezing assets, funds, or other property of, *inter alia*, David Stone and Gwen Stone, including bank and brokerage accounts and real estate.

On or about May 10, 2022, a stipulation was filed, noting that David Stone and Gwen Stone, among others, consented to an extension of the Asset Freeze Order, with the exception of any modifications of the Asset Freeze Order as may be proposed by the parties and entered by the Court.  [Dkt 39].

On September 23, 2022, David Stone pleaded guilty in a related criminal action to conduct relating to matters alleged in the Amended Complaint in this action. Specifically, in United States v. David Stone, Case No. 22-CR-510-001 (MKV), David Stone pleaded guilty to Count One of an Information charging him with a violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5, thereunder [17 C.F.R. § 240.10b-5].

After David Stone pleaded guilty in the related criminal action, the SEC and he reached a bifurcated settlement in this civil action, which resolved David Stone's liability as to all non-monetary relief.  As reflected in the SEC's unopposed motion for entry of judgment and David Stone's consent ([Dkts 167 & 167-1)], David Stone agreed to, among other things, an injunction that permanently restrains and enjoins him from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5, thereunder [17 C.F.R. § 240.10b-5].  Among other things, David Stone also agreed that if the parties were unable to resolve the SEC's monetary claims, the Court

**ORDER – 2**

would determine the appropriate amounts of monetary relief. [See Dkt 167]. The Court entered the consented-to Judgment against David Stone, in accordance with the parties' regarding his liability, in accordance with the parties' agreement on November 17, 2022. [Dkt 168].

David and Gwen Stone and the SEC have represented that they have engaged in settlement discussions concerning monetary relief. To that end, the parties have filed a stipulation asking the Court to modify its Asset Freeze Order to permit securities held in the brokerage accounts of David and Gwen Stone, subject to that Order, to be sold and the proceeds of such sales to be held in frozen FDIC-insured brokerage(s) or money-market account(s) until further order of the Court. The parties have explained that, if they reach a settlement, David and Gwen Stone would consent to the entry of Final Judgments that, if approved by the SEC's Commissioners and entered by the Court, would fully resolve the SEC's monetary claims against them.

The Court, having considered the entire record of the case, hereby accepts the Stipulation and proposed Order. **NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that the Court's Asset Freeze Initial Order is **MODIFIED** to permit Defendant David Stone and Relief Defendant Gwen Stone to sell the securities held in the following brokerage accounts:

| Held by | Institution | Type of Account | Last 4 Digits of Account Number | Balance** |
|---|---|---|---|---|
| DS | JP Morgan Chase | Taxable Brokerage | -7053 | $3,765.84 |
| DS | Fidelity Investments | Taxable Brokerage | -2018 | $59,814.84 |

ORDER – 3

| DS | Robinhood | Taxable Brokerage | -5823 | $22,108.52 |
|----|-----------|-------------------|-------|------------|
| DS | Charles Schwab | Taxable Brokerage | -3069 | $42,994.43 |
| DS | TD Ameritrade | Taxable Brokerage | -6617 | $146,320.68 |
| DS | TD Ameritrade | Roth IRA | -2762 | $516,038.65 |
| DS | TD Ameritrade | IRA | -4280 | $227,068.93 |
| GS | TD Ameritrade | Taxable Brokerage | -6745 | $96,977.96 |
| GS | TD Ameritrade | Roth IRA | -2736 | $453,490.07 |
| D | TD Ameritrade | Custodial | -8904 | $5,199.32 |
| D | TD Ameritrade | Custodial | -4290 | $7,092.01 |
| D | TD Ameritrade | Custodial | -4487 | $3,955.94 |
| D | TD Ameritrade | Custodial | -5539 | $4,482.17 |
| D | TD Ameritrade | Custodial | -6670 | $3,902.56 |
| DS | Tradeville | Brokerage | -HX07.US | $99.14 |

**\*\* Balances are approximate**

**DS**   **David Stone**
**GS**   **Gwendolyn Stone**
**D**    **Dependent (child)**

**IT IS FURTHER ORDERED** that within thirty (30) days following the entry of this Order, David Stone and Gwen Stone shall completely sell/liquidate the securities held in the brokerage accounts referenced above.

**IT IS FURTHER ORDERED** that until further order of the Court, there shall

**ORDER – 4**

not be any withdrawals from the brokerage accounts, and the brokerage accounts shall remain frozen in accordance with terms of the Asset Freeze Order; however, David and Gwen Stone are allowed to hold the proceeds from the sale of the securities in an FDIC insured or money market account or accounts offered by the brokerage firm.

The entry of this Stipulation and Order is without prejudice to any such future motion seeking relief from, or amendment to, this Stipulation and Order and the Asset Freeze Order.

**SO ORDERED** this_____ day of _____, 2023.

_____
The Honorable Victor Marrero
United States District Judge

**ORDER – 5**