UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>      v.<br><br>DAVID LEE STONE and JOHN D. ROBSON,<br><br>      Defendants,<br><br>and<br><br>HAROLD J. STONE, GWENDOLYN STONE, JUSTIN BLAKESLEY, and BRETT R. ADAMS,<br><br>      Relief Defendants. | 22 Civ. 3553 ( VM )<br><br>PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S AND RELIEF DEFENDANT HAROLD STONE'S STIPULATION FOR MODIFICATION OF THE ASSET FREEZE INITIAL ORDER REGARDING HAROLD STONE |

Plaintiff United States Securities and Exchange Commission ("SEC") and Relief Defendant Harold Stone ("Mr. Stone") respectfully submit this consented-to motion for a stipulated order permitting the use of a credit line that is secured by real property subject to the Order Freezing Assets and Providing for Other Ancillary Relief (Dkt. No. 17) (the "Asset Freeze Initial Order"), as modified throughout this litigation. Mr. Stone's business involves buying, renting, and selling residential real estate. Since the inception of this case, Mr. Stone has paid down, by approximately $200,000, the balances of two credit lines that he uses to support his business. Now, he seeks to increase the number of properties he owns and manages by having $200,000 unfrozen from one of these credit lines to purchase additional residential real-estate (with

any such purchase becoming part of the Asset Freeze). In further support of this Motion, the SEC and Mr. Stone state as follows:

1. On Tuesday, May 3, 2022, this Court entered the Asset Freeze Initial Order, which froze up to $1,000,574 of assets, funds, or other property of Mr. Stone.

2. On May 10, 2022, the SEC and Mr. Stone, among others, filed a proposed stipulation noting that Mr. Stone, among others, consented to an extension of the Asset Freeze Initial order until the Court issues its ruling following any show cause hearing, with the exception of any carve-outs or other modifications of the Asset Freeze Initial Order as may be proposed by the parties and entered by the Court. (Dkt. No. 39).

3. On May 23, 2022, this Court entered a consented-to Order that, among other things, permitted Mr. Stone to move funds in his TD Ameritrade account ending 8194 to a cash position. (Dkt. No. 44).

4. On June 3, 2022, the SEC and Mr. Stone submitted to this Court a Consented-to Motion for Modification of TRO Order as to Relief Defendant Harold Stone (Dkt. No. 52), which was granted by the Court's June 6, 2022 Order Modifying Order Freezing Assets and Providing for Other Ancillary Relief as to Relief Defendant Harold Stone. (Dkt. No. 56). These modifications related to Mr. Stone's payment of reasonable living expenses, his wife's employment wages, and his ability to consolidate some of the frozen funds into a specific account.

5. On June 14, 2022, Mr. Stone served a verified accounting of his assets, dated June 6, 2022 ("Initial Verified Accounting"), on the SEC. (Dkt. No. 59). The Initial Verified Accounting contained representations regarding the value of certain real properties, including those real properties listed in the attached proposed order.

6.	On June 15, 2022, the SEC and Mr. Stone submitted to this Court a Stipulation (Dkt. No. 61) seeking to modify the Asset Freeze Initial Order related to a specific transfer among frozen accounts, which was granted by a June 16, 2022 Order. (Dkt. No. 63).

7.	On August 23, 2022, the SEC and Mr. Stone filed a Consented-to Motion for Entry of Stipulated Order Relating to Relief Defendant Harold Stone (Dkt. No. 93), which was granted by entry of an August 24, 2022 Stipulated Order Relating to Relief Defendant Harold Stone. (Dkt. No. 95). That Order extended the Asset Freeze Initial Order until final adjudication or further order of the court and modified the frozen assets to include only Mr. Stone's TD Ameritrade account 8194 and 15 real properties, including Mr. Stone's primary residence. The Order also set forth a procedure by which Mr. Stone could sell the real property subject to the freeze order.

8.	On December 8, 2022, the SEC and Mr. Stone filed a Stipulation for Modification of the Asset Freeze Initial Order (Dkt. No. 179), which resulted in the December 9, 2022, entry of the Stipulated Order Relating to the Asset Freeze and Relief Defendant Harold Stone (Dkt. No. 180), which set forth the specific procedure by which Mr. Stone could market and sell one of his properties subject to the asset freeze, specifically the property at 224 E Reynolds St, Urbana, Ohio, held in the name of Stone Notes, LLC.

9.	On March 27, 2023, Mr. Stone served an amended verified accounting of his assets, dated March 23, 2023 ("Amended Verified Accounting"), on the SEC. (Dkt. No. 205). The Amended Verified Accounting contained representations regarding the value of certain assets, including real property. It also included updated balances for two credit lines, which now hold a combined balance approximately $200,000 less than reported on June 4, 2022 in the Initial Verified Accounting.

10. Mr. Stone, without admitting or denying the allegations of the Complaint or conceding the legal or factual basis for the Asset Freeze Initial Order, desires to utilize one of his revolving lines of credit to purchase one or more pieces of residential real estate with a combined value not to exceed $200,000. Mr. Stone and the SEC do hereby enter into this Stipulation to provide an express exception to the Asset Freeze Initial Order and its modifications, specifically including those prohibiting Mr. Stone from drawing against (or otherwise accessing the credit available) the revolving line of credit at Horizon Credit Union, account ending in xxx-141, secured by Mr. Stone's personal residence (hereinafter "Residential Line of Credit"). *See* Dkt No. 95 ("No assignment, transfer, pledge, mortgage, security interest, lien, or other encumbrance of any nature in, to, or against any part of any real property [included in the asset freeze] shall be allowed without approval of the Court.").

11. In accordance with the bank's policies and procedures and to the extent he is authorized to draw on the Residential Line of Credit, the parties stipulate that Mr. Stone may draw up to $200,000 in one or more transactions from the Residential Line of Credit as follows:

    a. Mr. Stone shall only use up to $200,000 from the Residential Line of Credit to purchase residential real estate (hereinafter "Real Property").

    b. Any funds Mr. Stone draws from the Residential Line of Credit shall go directly to the seller (*e.g.,* by check or wire) of the Real Property or to the escrow company handling the sale.

    c. Mr. Stone shall be the exclusive owner of the Real Property he purchases using the funds from the Residential Line of Credit.

    d. Mr. Stone may purchase more than one Real Property as long as the total purchase price does not exceed $200,000.

    e. If any Real Property is purchased from the up to $200,000 of funds derived from the Residential Line of Credit, for each purchase - Mr. Stone shall notify the SEC within three (3) business days of such purchase. Such notification shall include a copy of any contract or purchase agreement, closing statement, or other record(s) documenting the terms of the purchase, which documentation shall include, at a minimum, the following: (a) a description of the type of Real Property purchased (*e.g.,* single family home or duplex); (b) the property address; (c) the purchase date; and (d) the purchase amount.

    f. Any Real Property purchased from the up to $200,000 of funds derived from the Residential Line of Credit shall be frozen and subject to the Asset Freeze Initial Order and any modification thereto.[1]

12.     Mr. Stone has agreed to the entry of the attached proposed Stipulated Order.

---

[1] Specifically, the following terms and conditions shall apply:

The SEC may file a Notice of *Lis Pendens*, or any similar document that has the effect of clouding title, on all pieces of real property listed above and any Real Property subsequently acquired pursuant to this Stipulated Order (hereinafter "Real Property Subject to the Asset Freeze"). Should Harold Stone wish to sell any piece of Real Property Subject to the Asset Freeze (except the 244 Reynolds Property which is subject to the Court's December 9, 2022 Stipulated Order), he shall give counsel for the SEC notice of the proposed sale prior to taking action to market or sell the property, and shall also seek and obtain the concurrence of the Court prior to the sale. Harold Stone shall fully account for any proceeds received from the sale of such property to the Court and counsel for the SEC, and the proceeds of such sales shall be frozen pursuant to the provisions of this Order and submitted to the registry of the Court. Harold Stone shall maintain insurance on the Real Property Subject to the Asset Freeze that he already owns in the manner and at the value that he currently maintains and shall acquire insurance at a sufficient amount to fully insure for loss any Real Property acquired pursuant to this Stipulated Order. No assignment, transfer, pledge, mortgage, security interest, lien, or other encumbrance of any nature in, to, or against any part of any Real Property Subject to the Asset Freeze shall be allowed without approval of the Court.

**WHEREFORE**, the SEC and Mr. Stone respectfully request the Court modify the Asset Freeze Initial Order by entering the attached proposed Order.

Dated: April 18, 2023                    Respectfully submitted,

<u>s/ Christopher E. Martin</u>
Frank D. Goldman (FG9921)
Christopher E. Martin (*pro hac vice*)
Ian J. Kellogg (*pro hac vice)*
SECURITIES AND EXCHANGE
COMMISSION
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000

Goldmanf@sec.gov
Martinc@sec.gov
KelloggI@sec.gov

Counsel for the SEC


<u>s/ Vaughn Fisher</u>
Lorne M. Reiter (LR6464)
Vaughn Fisher (ID 7624) (*pro hac vice*)
Fisher Hudson Shallat
950 W Bannock, Suite 630
Boise, ID 83702
208-345-7000
vaughn@fisherhudson.com

Counsel for Relief Defendant Harold Stone

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2023, I caused the foregoing to be electronically filed by using the CM/ECF system. I further certify that a copy of the foregoing was served upon the parties or their counsel, by email.

*s/ Christopher E. Martin*
Christopher E. Martin
