UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> DAVID LEE STONE and JOHN D. ROBSON, <br><br> Defendants, <br><br> and <br><br> HAROLD J. STONE, GWENDOLYN STONE, JUSTIN BLAKESLEY, and BRETT R. ADAMS | CASE NO. 22-CV-3553 (VM) <br><br> **[PROPOSED] STIPULATED ORDER FOR MODIFICATION OF THE ASSET FREEZE INITIAL ORDER REGARDING RELIEF DEFENDANT HAROLD STONE** |

On May 3, 2022, the United States Securities and Exchange Commission (the "SEC") filed an initial Complaint (the "Complaint") naming, *inter alia*, Harold Stone as a Relief Defendant. In connection with that Complaint, the SEC filed an emergency motion for an Order temporarily freezing funds and other assets of Defendants and the Relief Defendants and providing other emergency relief. ECF No. 3.

On the same day, the Court entered an Order Freezing Assets and Providing for Other Ancillary Relief, ECF No. 17, freezing assets, funds, or other property of, *inter alia*, Harold Stone, including bank and trading accounts and real estate belonging to Harold Stone (the "Asset Freeze Initial Order").

On May 10, 2022, the SEC and Harold Stone, among others, filed a proposed stipulation noting that Harold Stone, among others, consented to an extension of the Asset Freeze Initial Order until the Court issues its ruling following any show cause hearing, with the exception of any carve-

1

outs or other modifications of the Asset Freeze Initial Order as may be proposed by the parties and entered by the Court. ECF No. 39.

On May 23, 2022, this Court entered a consented-to Order that, among other things, permitted Mr. Stone to move funds in his TD Ameritrade account ending 8194 to a cash position. ECF No. 44.

On June 3, 2022, the SEC and Mr. Stone submitted to this Court a Consented-to Motion for Modification of TRO Order as to Relief Defendant Harold Stone (ECF No. 52), which was granted by the Court's June 6, 2022 Order Modifying Order Freezing Assets and Providing for Other Ancillary Relief as to Relief Defendant Harold Stone. ECF No. 56. These modifications related to Mr. Stone's payment of reasonable living expenses, his wife's employment wages, and his ability to consolidate some of the frozen funds into a specific account.

On June 14, 2022, Harold Stone served a verified accounting of his assets, dated June 6, 2022 ("Initial Verified Accounting") on the SEC. *See* ECF No. 59. The Initial Verified Accounting contained representations regarding the value of certain real properties, including those real properties listed in the attached proposed order.

On June 15, 2022, the SEC and Mr. Stone submitted to this Court a Stipulation (Dkt. No. 61) seeking to modify the Asset Freeze Initial Order related to a specific transfer among frozen accounts, which was granted by a June 16, 2022 Order. ECF No. 63.

On August 23, 2022, the SEC and Mr. Stone filed a Consented-to Motion for Entry of Stipulated Order Relating to Relief Defendant Harold Stone (ECF No. 93), which was granted by entry of an August 24, 2022 Stipulated Order Relating to Relief Defendant Harold Stone. ECF No. 95. That Order extended the Asset Freeze Initial Order until final adjudication or further order of the court and modified the frozen assets to include only Mr. Stone's TD Ameritrade account

8194 and 15 real properties, including Mr. Stone's primary residence. The Order also set forth a procedure by which Mr. Stone could sell the real property subject to the freeze order.

On December 8, 2022, the SEC and Harold Stone filed a Stipulation for Modification of the Asset Freeze Initial Order to permit the sale of one of the 15 real properties beneficially owned by Mr. Stone (the "244 Reynolds Property") that is subject to the Asset Freeze Initial Order, as modified throughout this litigation, and that the net proceeds from this sale will be used to pay down an existing line of credit (ECF 179), which was granted by entry of an December 9, 2022 Stipulated Order Relating to Relief Defendant Harold Stone. ECF No. 180.

On March 27, 2023, Mr. Stone served an amended verified accounting of his assets, dated March 23, 2023 ("Amended Verified Accounting"), on the SEC. ECF No. 205. The Amended Verified Accounting contained representations regarding the value of certain assets, including real property. It also included updated balances for two credit lines, which now hold a combined balance approximately $200,000 less than reported on June 4, 2022 in the Initial Verified Accounting.

On April 12, 2023, the SEC and Harold Stone (without admitting or denying the allegations of the Complaint or conceding the legal or factual basis for the Asset Freeze Initial Order), filed a stipulation for modification of the Asset Freeze Initial Order Regarding Harold Stone. Harold Stone desires to utilize one of his revolving lines of credit to purchase one or more pieces of residential real estate with a combined value not to exceed $200,000. Mr. Stone and the SEC stipulated to provide an express exception to the Asset Freeze Initial Order and its modifications, specifically including those prohibiting Mr. Stone from drawing against (or otherwise accessing the credit available) the revolving line of credit at Horizon Credit Union, account ending in xxx-141, secured by Mr. Stone's personal residence (hereinafter "Residential Line of Credit"). *See* Dkt

No. 95 ("No assignment, transfer, pledge, mortgage, security interest, lien, or other encumbrance of any nature in, to, or against any part of any real property [included in the asset freeze] shall be allowed without approval of the Court.").

The Court, having considered the entire record of the case, hereby accepts the April 17, 2023 Stipulation and proposed Order.

**NOW, THEREFORE, IT IS ORDERED** that, the Asset Freeze Initial Order is hereby extended, subject to the provisions herein, until final adjudication of this case on the merits or further order of the Court relating to the Stipulation and Order or the Asset Freeze Initial Order.

**IT IS FURTHER ORDERED** that, in accordance with the bank's policies and procedures, and to the extent he is authorized to draw on the Residential Line of Credit, Harold Stone may draw up to $200,000 in one or more transactions from the Residential Line of Credit as follows:

a. Harold Stone shall only use up to $200,000 from the Residential Line of Credit to purchase residential real estate (hereinafter "Real Property").

b. Any funds Harold Stone draws from the Residential Line of Credit shall go directly to the seller (*e.g.,* by check or wire) of the Real Property or to the escrow company handling the sale.

c. Harold Stone shall be the exclusive owner of the Real Property he purchases using the funds from the Residential Line of Credit.

d. Harold Stone may purchase more than one Real Property as long as the total purchase price does not exceed $200,000.

e. If any Real Property is purchased from the up to $200,000 of funds derived from the Residential Line of Credit, for each purchase, Harold Stone shall notify

        the SEC within three (3) business days of such purchase. Such notification shall include a copy of any contract or purchase agreement, closing statement, or other record(s) documenting the terms of the purchase, which documentation shall include, at a minimum, the following: (1) a description of the type of Real Property purchased (*e.g.,* single family home or duplex); (2) the property address; (3) the purchase date; and (4) the purchase amount.

f. Any Real Any Real Property purchased from the up to $200,000 of funds derived from the Residential Line of Credit shall be frozen and subject to the Asset Freeze Initial Order and any modification thereto.

**IT IS FURTHER ORDERED** that in accordance with Horizon Credit Union's policies and procedures and to the extent that Horizon Credit Union authorizes Harold Stone to draw on the Residential Line of Credit, Horizon Credit Union is hereby notified that Harold Stone may draw up to $200,000 in one or more transactions from the Residential Line of Credit subject to the above conditions.

**IT IS FURTHER ORDERED** that the following assets of Harold Stone's will be or will remain frozen, pursuant to the Asset Freeze Initial Order, until final adjudication of this case on the merits or further order of the Court relating to the Stipulation and Order or the Asset Freeze Initial Order:

**Brokerage Account**

| Institution Name | Account Name | Last Four Digits of Known Account |
|---|---|---|
| TD Ameritrade | Harold Joseph Stone | 8194 |

**Property**

| Property Address | Property Owner |
|---|---|
| 5729 Chuckwagon Rd., Nampa, ID | Harold Joseph Stone and Brenda Kay Stone |
| 1048 S. 20th St, Nampa ID | 8 Percent 20th and Taylor LLC |
| 526 E. Pine Ave., Meridian, ID | Harold Stone LLC |
| 9235 Carolyn St., Nampa, ID | Harold Stone LLC |
| 207 Crestline Ave., Caldwell, ID | 207 Crestline LLC |
| 7 11th Ave. S., Nampa, ID | 7 & 9 LLC |
| 9 11th Ave. S., Nampa, ID | 7 & 9 LLC |
| 2210 S. Juniper St., Nampa, ID | 8 Percent LLC |
| 1116 Amity Ave., Nampa, ID | 8 Percent Amity and Delaware LLC |
| 911 W. Delaware Ave., Nampa, ID | 8 Percent Amity and Delaware LLC |
| 8 N. Greenleaf St., Nampa, ID | 8 Percent Greenleaf and Maple LLC |
| 403 S. Maple St., Nampa, ID | 8 Percent Greenleaf and Maple LLC |
| 3100 Hwy 95, Council, ID | Harold J. Stone and Brenda K. Stone |
| 12913 Delmar Ave. Murphy, ID | Harold Stone, LLC |

In addition, the 244 Reynolds Property is still subject to the Asset Freeze Initial Order; however, the parties have noted that Harold Stone is in the process of selling this property pursuant to the Court's December 9, 2022 Stipulated Order. *See* ECF's 179-80.

The SEC may file a Notice of *Lis Pendens*, or any similar document that has the effect of clouding title, on all pieces of real property listed above and any Real Property subsequently acquired pursuant to this Stipulated Order (hereinafter "Real Property Subject to the Asset Freeze"). Should Harold Stone wish to sell any piece of Real Property Subject to the Asset Freeze (except the 244 Reynolds Property which is subject to the Court's December 9, 2022 Stipulated Order), he shall give counsel for the SEC notice of the proposed sale prior to taking action to market or sell the property, and shall also seek and obtain the concurrence of the Court prior to the sale. Harold Stone shall fully account for any proceeds received from the sale of such property to the Court and counsel for the SEC, and the proceeds of such sales shall be frozen pursuant to the provisions of this Order and submitted to the registry of the Court. Harold Stone shall maintain insurance on the Real Property Subject to the Asset Freeze that he already owns in the manner and

at the value that he currently maintains and shall acquire insurance at a sufficient amount to fully insure for loss any Real Property acquired pursuant to this Stipulated Order. No assignment, transfer, pledge, mortgage, security interest, lien, or other encumbrance of any nature in, to, or against any part of any Real Property Subject to the Asset Freeze shall be allowed without approval of the Court.

The SEC and Harold Stone shall each have the right to move the Court for relief from this Stipulation and Order and the Asset Freeze Initial Order, including the right to move to terminate or amend this Stipulation and Order and the Asset Freeze Initial Order, and the other party shall have the right to oppose any such motion. The entry of this Stipulation and Order is without prejudice to any such future motion seeking relief from, or amendment to, this Stipulation and Order and the Asset Freeze Initial Order.

**SO ORDERED**, this ___ day of _____ 2023.

_____
The Honorable Victor Marrero
United States District Judge