UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                      Plaintiff,<br><br>            v.<br><br>DAVID LEE STONE and JOHN D. ROBSON,<br><br>                      Defendants,<br><br>and<br><br>HAROLD J. STONE,<br>GWENDOLYN STONE,<br>JUSTIN BLAKESLEY, and<br>BRETT R. ADAMS,<br><br>                  Relief Defendants. | Case No. 22-cv-3553 (VM)<br><br>**UNOPPOSED JOINT MOTION TO MODIFY THE ASSET FREEZE ORDER AS TO RELIEF DEFENDANT BRETT R. ADAMS** |

      Plaintiff United States Securities and Exchange Commission ("SEC") and Relief Defendant Brett R. Adams ("Adams") jointly move to modify the asset freeze Order, ECF No. 17, as modified, ECF Nos. 47 and 243, to allow Mr. Adams to sell securities held in a frozen brokerage account, with the proceeds to remain in the frozen account.

      The Court previously entered an Order freezing certain of Mr. Adams' assets, funds, and other property, including bank and brokerage accounts. ECF Nos. 17, 47, and 243. Without further Order of the Court, Mr. Adams is effectively prohibited from selling or otherwise disposing of securities in his frozen accounts.  *See* ECF No. 17 ¶¶ G-H. The SEC and Mr. Adams are currently engaged in good-faith settlement negotiations. To further those discussions and facilitate a potential resolution of this matter, the SEC hereby agrees that it is appropriate to

modify the asset freeze to permit Mr. Adams to sell/liquidate the securities held in a frozen brokerage account in his name held by TD Ameritrade, Inc. ("TD Ameritrade"), ending *1423. The proceeds of such sales shall remain frozen in the TD Ameritrade account (ending * 1423) until further order of the Court and Mr. Adams is allowed to hold such funds in cash or in a money market fund.

## CONFERRAL

Both the SEC and Mr. Adams consent to the requested relief and they did not confer with any of the other parties to this litigation, since the proposed relief requested in this Joint Motion only relates to Mr. Adams' personal assets.

**WHEREFORE**, the SEC and Mr. Adams respectfully request that the asset freeze be modified to permit him to sell/liquidate—and TD Ameritrade to accept and execute orders from him to sell/liquidate—the securities held in Mr. Adams frozen TD Ameritrade brokerage account, ending *1423, with the proceeds of such sales being placed in cash or in a money market fund and remain frozen until further order of the Court.

A proposed Order is attached for the Court's convenience.

Dated: February 5, 2024.                                Respectfully submitted,

Stoel Rives, LLP                                        Securities and Exchange Commission

*s/ Wendy J. Olson*                                     *s/ Christopher E. Martin*
Wendy J. Olson                                          Frank D. Goldman (FG9921)
Per A. Ramfjord                                         Christopher E. Martin (pro hac vice)
Christopher Rifer                                       Ian K. Kellogg (pro hac vice)

*Attorneys for Relief Defendant Brett Adams*            *Counsel for Plaintiff Securities and Exchange Commission*