**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**DENVER REGIONAL OFFICE**
**BYRON G. ROGERS FEDERAL BUILDING**
**1961 STOUT STREET, SUITE 1700**
**DENVER, COLORADO 80294-1961**

**DIVISION OF ENFORCEMENT**

May 24, 2024

**VIA ECF**

The Honorable Victor Marrero
United States District Court
Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007
ChambersNYSDMarrero@nysd.uscourts.gov

Re: *SEC v. Stone,* No. 22-cv-3553-VM – Notice of Acceptance of Settlement Offers and Unopposed Request for Entry of Consent Judgments as to Defendant John D. Robson and Relief Defendants Brett R. Adams and Justin Blakesley

Dear Judge Marrero:

The Court previously entered a temporary stay so that the Commissioners of the Securities and Exchange Commission ("SEC") could consider offers of settlement from Defendant John D. Robson and Relief Defendants Brett R. Adams and Justin Blakesley. ECF No. 263. Pursuant to that Order, the SEC hereby notifies the Court that the Commission has now accepted Robson's, Adams's, and Blakesley's offers—as reflected in the attached signed consents and proposed judgments[1]—and respectfully requests that the Court enter the proposed final judgments as to Robson, Adams, and Blakesley.

Entry of the proposed final judgments will fully resolve this matter as to Defendant Robson and Relief Defendants Adams and Blakesley. Among other things, the proposed judgments enjoin Robson from future violations of certain federal securities laws, Robson Proposed Judgment ¶ I; require Robson to pay a civil penalty, *id.* ¶ II; and require each of Robson, Adams, and Blakesley to pay disgorgement, *id.* ¶ II, Adams Proposed Judgment ¶ I, Blakesley Proposed Judgment ¶ I. The Commission shall hold these funds until further order of this Court and may, at the conclusion of this matter and subject to a determination as to feasibility, propose for the Court's approval a plan to distribute the funds to victims identified by the SEC who suffered pecuniary harm. *See id.* The proposed consent judgments are fair and reasonable and do not disserve the public interest under *SEC v. Citigroup Global Markets, Inc.*, 752 F.2d 285 (2d Cir. 2014).

---

[1] Pursuant to Local Civil Rule 77.1, the proposed judgments for each settling party will also be separately filed using the Court's ECF system.

Finally, the proposed final judgments provide that the orders freezing the assets of Robson, Adams, and Blakesley will be terminated following the turnover of certain frozen accounts and payments upon terms specified. *See* Robson Proposed Judgment at 7; Adams Proposed Judgment at 4; Blakesley Proposed Judgment at 5-6.  In addition, as to Relief Defendant Blakesley, the proposed judgment orders him to repay proceeds that he received in violation of the Court's asset-freeze order that were the subject of the Court's January 24, 2024 hearing. *See* Blakesley Proposed Judgment ¶ IV.

If the Court accepts and enters the proposed final judgments as to Defendant Robson and Relief Defendants Adams and Blakesley, the only remaining issues to be decided in this case will be the monetary relief as to Defendant David Stone, against whom the Court entered judgment as to liability and injunctive relief, ECF No. 167, and Relief Defendants Harold Stone and Gwendolyn Stone. The SEC will confer with these parties and then ask the Court to lift the temporary stay and set a schedule for the remainder of this case.

    Sincerely,
    *s/ Ian J. Kellogg*
    Ian J. Kellogg
    Christopher E. Martin
    Frank D. Goldman

    *Counsel for the Securities and Exchange Commission*