UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>     v.<br><br>DAVID LEE STONE and JOHN D. ROBSON,<br><br>       Defendants,<br><br>and<br><br>HAROLD J. STONE,<br>GWENDOLYN STONE,<br>JUSTIN BLAKESLEY, and<br>BRETT R. ADAMS,<br><br>       Relief Defendants. | 22 Civ. 3553 (VM)<br><br>[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT JOHN D. ROBSON |

   The Securities and Exchange Commission having filed a Complaint and Defendant John D. Robson ("Robson" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

   **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $2,648,369 representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $38,703, and a civil penalty in the amount of $400,000, pursuant to Sections 21A, 21(d)(3), and 21(d)(5) of the Exchange Act [15 U.S.C. §§ 78u-1, 78u(d)(3), 78u(d)(5)]. Robson shall satisfy this obligation pursuant to the terms of the payment schedule set forth in paragraph III below after entry of this Final Judgment.

Robson may transmit payments electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payments may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Robson may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; John D. Robson as a Defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Robson shall simultaneously transmit photocopies of evidence of payments and case identifying information to the Commission's counsel in this action. By making these payments, Robson relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for civil penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the

funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Robson shall pay the total of disgorgement, prejudgment interest, and civil penalty due of $3,087,072 in installments to the Commission according to the following schedule: (1) the entire balance (of approximately $649,216) of his TD Ameritrade, Inc. (hereinafter ("TD Ameritrade")) brokerage account ending *8181, to be transferred directly by TD Ameritrade within 3 business days after being served with a copy of the Final Judgment; (2) the entire balance (of approximately $21,400) of his Coinbase, Inc. (hereinafter ("Coinbase")) account, to be transferred directly by Coinbase within 3 business days after being served with a copy of the Final Judgment; (3) quarterly payments as follows: (a) $50,000 within 90 days of the entry of this Final Judgment; (b) $50,000 within 180 days of the entry of this Final Judgment; (c) $50,000 within 270 days of the entry of this Final Judgment; (d) $50,000 within 365 days of the entry of this Final Judgment; (e) $100,000 within 1 year + 90 days of the entry of this Final Judgment; (f) $100,000 within 1 year + 180 days of the entry of this Final Judgment; (g) $100,000 within 1 year + 270 days of the entry of this Final Judgment; (h) $100,000 within 2 years of the entry of this Final Judgment; (i) $150,000 within 2 years + 90 days of the entry of this Final Judgment; (j) $150,000 within 2 years + 180 days of the entry of this Final Judgment; and (k) $150,000 within 2 years + 270 days of the entry of this Final Judgment; and (4) the balance of the total due ($3,087,072 less the payments set forth above and any other payments made by or on behalf of Robson toward this judgment), plus post judgment interest, on or before 3 years of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry

of Final Judgment. Prior to making the final payment set forth herein, Robson or his counsel shall contact the staff of the Commission for the amount due for the final payment.

If Robson fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that within three business days after being served with a copy of this Final Judgment, TD Ameritrade shall liquidate any remaining securities in, and transfer the entire balance of, the following account which was frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| John Robson | *8181 |

Within three business days after being served with a copy of the Final Judgment, Coinbase shall liquidate any remaining holdings in, and transfer to the SEC the entire balance of, Mr. Robson's Coinbase account, which was frozen pursuant to an Order of this Court to the Commission.

TD Ameritrade and Coinbase may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. TD Ameritrade and Coinbase also may transfer these

6

funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

After payment to the SEC of the entire balances of the frozen TD Ameritrade brokerage (account ending in *8181) and the frozen Coinbase account, the Court's Asset Freeze Order (ECF Nos. 17, 47, 204, 233, and 256) is hereby extinguished as to Robson.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for violations by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**SO ORDERED**

Dated: _____, 2024
      New York, New York

                                                      _____
                                                                 Victor Marrero
                                                                    U.S.D.J.