UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>DAVID LEE STONE and JOHN D. ROBSON,<br><br>　　　　　　　　　　Defendants,<br><br>and<br><br>HAROLD J. STONE, GWENDOLYN STONE, JUSTIN BLAKESLEY, and BRETT R. ADAMS,<br><br>　　　　　　　　　　Relief Defendants. | 22 Civ. 3553 (VM)<br><br>FINAL JUDGMENT AS TO RELIEF DEFENDANT JUSTIN BLAKESLEY<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 05/29/2024 |

　　The Securities and Exchange Commission having filed a Complaint and Relief Defendant Justin Blakesley ("Blakesley" or "Relief Defendant") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

　　**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Blakesley is liable for disgorgement of $752,497, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $13,031, for a total of

$765,528.  Blakesley shall satisfy this obligation pursuant to the terms of the payment schedule set forth in paragraph II below after entry of this Final Judgment.

Blakesley may transmit payments electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payments may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Blakesley may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Justin Blakesley as a Relief Defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Blakesley shall simultaneously transmit photocopies of evidence of payments and case identifying information to the Commission's counsel in this action.  By making these payments, Blakesley relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him.

The Commission shall hold the funds (collectively, the "Fund") until further order of this Court.  The SEC may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

If Blakesley does not timely make payments as specified by the terms of the payment schedule set forth in paragraph II below after entry of this Final Judgment, the Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection

procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. Blakesley shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Blakesley shall pay the total of disgorgement and prejudgment interest due of $765,528 in installments to the Commission according to the following schedule: (1) the entire balance (of approximately $29,000) of his Charles Schwab Corporation ("Schwab"), brokerage account ending *0020, to be transferred directly by Schwab within 14 days after being served with a copy of the Final Judgment; (2) the entire balance (of approximately $35,803) of an account payable due to Blakesley from End Game Holdings, LLC ("End Game"), to be transferred directly by End Game within 14 days after being served with a copy of the Final Judgment; (3) the entire balances (of approximately $1,090) of three Wells Fargo Accounts, *6409, *0080, and *0979, to be transferred directly by Wells Fargo within 14 days after being served with a copy of the Final Judgment; (4) the signing over to the SEC of a physical check from Chase Bank made out to Blakesley, in the amount of $19,522, within 14 days of entry of this Final Judgment and pay such funds to the SEC by delivering or mailing such check to the above listed address for the Enterprise Services Center; (5) the remaining balance (of approximately $261,000) due to Blakesley pursuant to his agreement with Clemons Sales Corporation for the sale of steel sheets—approximately 1,400 sheets of 10 and 12-gauge steel, which have been frozen pursuant to an Order of this Court (hereinafter "Steel Sheets"), but which Blakesley is hereby permitted to sell in accordance with the terms of this Final Judgment—within one year from entry of this Final Judgment, to be transferred directly by End Game; (6) quarterly payments of $2,500, beginning June 30, 2025, and

continuing at the end of every quarter thereafter (i.e., September 30, 2025, December 31, 2025, March 31, 2026, etc. . . .) through December 31, 2026; and (7) the balance of the disgorgement award ($765,528, less the payments set forth above and any other payments made by or on behalf of Blakesley toward this judgment), plus post judgment interest, on or before March 31, 2027. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Blakesley or his counsel shall contact the staff of the Commission for the amount due for the final payment.

If Blakesley fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that within 14 days after being served with a copy of this Final Judgment, Charles Schwab shall liquidate any remaining securities in, and transfer to the SEC the entire balance of, the following account which was frozen pursuant to an Order of this Court:

| Account Owner | Acct. Ending in: |
|---|---|
| Justin Blakesley | *0020 |

Within 14 days after being served with a copy of this Final Judgment, Wells Fargo shall transfer to the SEC the entire balances (collectively worth approximately $1,090) of the following accounts which were frozen pursuant to an Order of this Court:

4

| Account Owner(s) | Acct. Ending in: |
|---|---|
| Justin E. Blakesley | *6403 |
| Ghoulish, LLC | *0080 |
| Justin E. Blakesley | *0979 |

Within 14 days after being served with a copy of this Final Judgment, End Game shall transfer to the SEC the entire amount of the account payable due to Justin Blakesley for the purchase of certain steel, in the amount of approximately $35,803.

Not later than one year from the entry of this Final Judgment, End Game shall transfer to the SEC the entire remaining balance (of approximately $261,000) due to Blakesley pursuant to his agreement with Clemons Sales Corporation for sales of the Steel Sheets.

Schwab, Wells Fargo, and End Game may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Schwab, Wells Fargo, and End Game also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

After payment to the SEC of the entire balance of the frozen Schwab brokerage account ending in *0020, the entire balance of a frozen account payable due to Blakesley from End Game; the entire frozen balances of three Wells Fargo Accounts, *6409, *0080, and *0979; and the entire balance of a frozen physical check from Chase Bank made out to Blakesley, the

5

Court's Asset Freeze Order (ECF Nos. 17, 72, and 230) is hereby extinguished as to Blakesley, except as follows: the Court's Asset Freeze Order shall continue to freeze the Steel Sheets and the proceeds from the sales thereof; Blakesley shall, and is hereby permitted, to sell the Steel Sheets in accordance with the terms of this Final Judgment; all proceeds shall remain frozen until paid to the SEC; and after the Steel Sheets have been sold and all proceeds therefrom have been paid to the SEC, the Asset Freeze Order shall be extinguished in its entirety as to Blakesley.

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Blakesley shall repay $127,000 (representing the amount of sale proceeds he received from the sale of certain steel that he owned when such steel was subject to the Court ordered asset freeze) using unfrozen funds. Payments made to the SEC from unfrozen funds towards his disgorgement obligation ordered herein shall reduce dollar for dollar the amount Blakesley needs to repay pursuant to this paragraph.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Relief Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for violations by Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**SO ORDERED**

Dated:  New York, New York

    \_\_\_May 29\_\_\_, 2024

                                          _____
                                               Victor Marrero
                                                 U.S.D.J.