UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

v.

DAVID LEE STONE and
JOHN D. ROBSON,

        Defendants,

and

HAROLD J. STONE,
GWENDOLYN STONE,
JUSTIN BLAKESLEY, and
BRETT R. ADAMS,

        Relief Defendants.

22 Civ. 3553 (VM)

FINAL JUDGMENT AS TO
RELIEF DEFENDANT
BRETT R. ADAMS

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/29/2024
```

---

The Securities and Exchange Commission having filed a Complaint and Relief Defendant Brett R. Adams ("Adams" or "Relief Defendant") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Adams is liable for disgorgement of $1,297,162, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $17,793, for a total of

$1,314,955. Adams shall satisfy this obligation pursuant to the terms of the payment schedule set forth in paragraph II below after entry of this Final Judgment.

Adams may transmit payments electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payments may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Adams may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Brett Adams as a Relief Defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Adams shall simultaneously transmit photocopies of evidence of payments and case identifying information to the Commission's counsel in this action. By making these payments, Adams relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to him.

The Commission shall hold the funds (collectively, the "Fund") until further order of this Court. The SEC may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

If Adams does not timely make payments as specified by the terms of the payment schedule set forth in paragraph II below after entry of this Final Judgment, the Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures

authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. Adams shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Adams shall pay the total of disgorgement and prejudgment interest due of $1,314,955 in five installments to the Commission according to the following schedule: (1) the entire balance (of approximately $520,000) of his TD Ameritrade, Inc., a subsidiary of Charles Schwab Corporation (hereinafter "TD Ameritrade"), brokerage account ending *1423, within 30 days of entry of this Final Judgment; (2) $50,000, within 90 days of entry of this Final Judgment; (3) $50,000, within 180 days of entry of this Final Judgment; (4) $50,000, within 270 days of entry of this Final Judgment; and (5) the balance of the disgorgement award ($1,314,955, less payments (1), (2), (3) and (4)), plus post judgment interest, within 364 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Adams or his counsel shall contact the staff of the Commission for the amount due for the final payment.

If Adams fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that within 3 days after being served with a copy of this Final Judgment, TD Ameritrade shall liquidate any remaining securities in, and transfer the entire balance of, the following account which was frozen pursuant to an Order of this Court to the Commission:

| Account Owner | Acct. Ending in: |
|---|---|
| Brett Adams | *1423 |

TD Ameritrade may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. TD Ameritrade also may transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

After payment to the SEC of the entire balance of the frozen TD Ameritrade brokerage (account ending in *1423), the Court's Asset Freeze Order (ECF Nos. 17, 47, 243 and 258) is hereby extinguished as to Adams.

IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Relief Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants David Lee Stone and John D. Robson of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**SO ORDERED**

Dated: New York, New York

    ___May 29___ , 2024

                                                              Victor Marrero
                                                              U.S.D.J.