USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/17/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DAVID LEE STONE and JOHN D. ROBSON,<br><br>Defendants,<br><br>and<br><br>HAROLD J. STONE, GWENDOLYN STONE, JUSTIN BLAKESLEY, and BRETT R. ADAMS | CASE NO. 22-CV-3553 (VM)<br><br>[PROPOSED] STIPULATED ORDER RELATING TO THE ASSET FREEZE AND RELIEF DEFENDANT HAROLD STONE |

On May 3, 2022, the United States Securities and Exchange Commission (the "SEC") filed a Complaint (the "Complaint") naming, *inter alia*, Harold Stone as a Relief Defendant. In connection with that Complaint, the SEC filed an emergency motion for an Order temporarily freezing funds and other assets of Defendants and the Relief Defendants and providing other emergency relief. ECF No. 3.

On the same day, the Court entered an Order Freezing Assets and Providing for Other Ancillary Relief, ECF No. 17, freezing assets, funds, or other property of, *inter alia*, Harold Stone, including bank and trading accounts and real estate belonging to Harold Stone (the "Asset Freeze Initial Order").

On or about May 10, 2022, the SEC and Harold Stone, among others, filed a proposed stipulation noting that Harold Stone, among others, consented to an extension of the Asset Freeze

1

Initial Order until the Court issues its ruling following any show cause hearing, with the exception of any carve-outs or other modifications of the Asset Freeze Initial Order as may be proposed by the parties and entered by the Court. ECF No. 39.

On May 23, 2022, this Court entered a consented-to Order that, among other things, permitted Mr. Stone to move funds in his TD Ameritrade account ending 8194 to a cash position. ECF No. 44. Mr. Stone has not yet moved any funds in this account to a cash position.

On June 6, 2022, this Court entered a consented-to Order modifying the Asset Freeze Initial Order to permit Harold Stone to access up to $5,000 per month for reasonable living expenses and clarifying that Harold Stone's wife's earnings and certain other accounts were not subject to the Asset Freeze Initial Order ("Carve Out Order"). ECF No. 56.

On June 14, 2022, Harold Stone served a verified accounting of his assets, dated June 6, 2022 ("Verified Accounting") on the SEC. *See* ECF No. 59.

On June 16, 2022, this Court entered a consented-to Order permitting Mr. Stone to transfer funds from a US Bank account to another account, and to close the US Bank account. ECF No. 63. Mr. Stone has determined that the US Bank account no longer needs to be closed, and thus the US Bank account remains open at this time.

On August 23, 2022, the SEC, with the consent of Harold Stone, filed a stipulated motion for an entry of a proposed stipulation and order ("Stipulation and Order") relating to the Asset Freeze Initial Order whereby Harold Stone, without admitting or denying the allegations of the Complaint or conceding the legal or factual basis for the Asset Freeze Initial Order, agreed to a modified extension of the Asset Freeze Initial Order until further order of the Court or a final disposition of this action with respect to him.

On December 8, 2022, the SEC and Harold Stone filed a Stipulation for Modification of

the Asset Freeze Initial Order to permit the sale of one of the 15 real properties beneficially owned by Mr. Stone (the "244 Reynolds Property") that is subject to the Asset Freeze Initial Order, as modified throughout this litigation, and that the net proceeds from this sale will be used to pay down an existing line of credit (ECF 179), which was granted by entry of a December 9, 2022 Stipulated Order Relating to Relief Defendant Harold Stone. ECF No. 180.

On March 27, 2023, Mr. Stone served an amended verified accounting of his assets, dated March 23, 2023 ("Amended Verified Accounting"), on the SEC. (Dkt. No. 205). The Amended Verified Accounting contained representations regarding the value of certain assets, including real property. It also included updated balances for two credit lines, which now hold a combined balance approximately $200,000 less than reported on June 4, 2022 in the Initial Verified Accounting.

On April 12, 2023, the SEC and Harold Stone (without admitting or denying the allegations of the Complaint or conceding the legal or factual basis for the Asset Freeze Initial Order), filed a stipulation for modification of the Asset Freeze Initial Order Regarding Harold Stone. Harold Stone desired to utilize one of his revolving lines of credit to purchase one or more pieces of residential real estate with a combined value not to exceed $200,000. Mr. Stone and the SEC stipulated to provide an express exception to the Asset Freeze Initial Order and its modifications, specifically including those prohibiting Mr. Stone from drawing against (or otherwise accessing the credit available) the revolving line of credit at Horizon Credit Union, account ending in 141, secured by Mr. Stone's personal residence (hereinafter "Residential Line of Credit") while allowing him to utilize his Horizon Credit Union line of credit ending in 145 to purchase one or more pieces of residential real estate with a combined value not to exceed $200,000 (hereinafter

"Commercial Line of Credit").[1] (Dkt. Nos. 180, 208). This Stipulation was granted by an entry of an April 19, 2023 Stipulated Order Relating to Relief Defendant Harold Stone. (Dkt. No. 209).

On September 23, 2024, the SEC and Harold Stone filed a Stipulation for Modification of the Asset Freeze Initial Order to permit the sale of 4019 W. Split Rail Lane Road, Princeton, IN, 1116 Amity Ave., Nampa, ID, 911 W. Delaware Ave., Nampa, ID, 7 11th Avenue South, Nampa, ID 83651, and 9 11th Avenue South, Nampa, ID (collectively "Sale Properties")[2] which are subject to the Asset Freeze Initial Order, as modified throughout this litigation, and that the net proceeds from these sales will be used to pay down two existing lines of credit with Horizon Credit Union; Mr. Stone's Commercial Line of Credit, account ending in 145 and his Residential Line of Credit, account ending in 141. If Mr. Stone fully pays off both his Residential and Commercial Lines of Credit and confirmation of such has been submitted to the SEC, Mr. Stone may then retain the proceeds of sale of the Sale Properties, including any interest only payments he may receive, after paying all associated taxes and fees, free and clear of the Asset Freeze Initial Order.

The Court, having considered the entire record of the case, hereby accepts the Stipulation and proposed Order.

**NOW, THEREFORE,**

**IT IS ORDERED** that, the Asset Freeze Initial Order is hereby extended, subject to the provisions herein, until final adjudication of this case on the merits or further order of the Court relating to the Stipulation and Order or the Asset Freeze Initial Order.

**IT IS FURTHER ORDERED** that the Sale Properties continue to be frozen, pursuant to

---

[1] Mr. Stone's Commercial Line of Credit, account no. 145 was previously identified [Dkt. 180] as his Line of Credit but shall now be referred to as his Commercial Line of Credit to prevent confusion with Mr. Stone's Residential Line of Credit.

[2] Mr. Stone owns membership interests in LLCs that own 1116 Amity Ave., Nampa, ID, 911 W. Delaware Ave., Nampa, ID, 7 11th Avenue South, Nampa, ID 83651, and 9 11th Avenue South, Nampa, ID.

the Asset Freeze Initial Order, until final adjudication of this case on the merits or further order of the Court relating to the Stipulation and Order or the Asset Freeze Initial Order; however:

    a.    Subject to the following conditions, Mr. Stone may market and sell the Sale Properties.

    b.    In selling the Sale Properties Mr. Stone shall do the following: employ a licensed realtor; market and sell the property using the multiple listing service in the ordinary manner in which properties are listed and sold in Idaho;[3] only sell the property in an arm's length transaction to an unrelated party; within five business days after the property goes under contract, provide the SEC with the sale price and closing date; pay reasonable fees and expenses from the sale proceeds; and provide the SEC with a closing statement at least three business days before the scheduled closing.

    c.    Mr. Stone shall use all of his portion of proceeds from the sales of the Sale Properties in the following manner: All net proceeds shall go directly to Horizon Credit Union and be used to pay down the Commercial Line of Credit (account ending in 145) that Mr. Stone and Harold Stone, LLC have with Horizon Credit Union per the October 28, 2022, letter from Horizon Credit Union that has been provided to the SEC. Within thirty days after payment is received by Horizon Credit Union, Mr. Stone shall provide to the SEC documentation demonstrating that payment of the net sales proceeds from the sale of the Sale Properties have been used to pay down the Commercial Line of Credit. If Mr. Stone's Commercial Line of Credit (account ending in 145) has been fully paid off, and the remaining balance of his Residential Line of Credit (account ending in 141) is also fully paid off and confirmation of such has been submitted to the SEC, Mr. Stone is authorized personally retain proceeds of sale of the Sale Properties, including any interest only

---

[3] The provisions to use a licensed real estate agent and the multiple listing service shall not apply to the properties located at 7 11th Avenue South, Nampa, ID 83651, and 9 11th Avenue South, Nampa, ID.

payments he may receive, free and clear of the Asset Freeze Initial Order.

**IT IS FURTHER ORDERED** that the following assets of Harold Stone's will be or will remain frozen, pursuant to the Asset Freeze Initial Order, until final adjudication of this case on the merits or further order of the Court relating to the Stipulation and Order or the Asset Freeze Initial Order:

**Brokerage Accounts**

| Institution Name | Account Name | Last Four Digits of Known Account |
|---|---|---|
| TD Ameritrade | Harold Joseph Stone | 8194 |

**Property**

| Property Address | Property Owner |
|---|---|
| 5729 Chuckwagon Rd., Nampa, ID | Harold Joseph Stone and Brenda Kay Stone |
| 1048 S. 20th St, Nampa ID | 8 Percent 20th and Taylor LLC |
| 526 E. Pine Ave., Meridian, ID | Harold Stone LLC |
| 9235 Carolyn St., Nampa, ID | Harold Stone LLC |
| 207 Crestline Ave., Caldwell, ID | 207 Crestline LLC |
| 2210 S. Juniper St., Nampa, ID | 8 Percent LLC |
| 8 N. Greenleaf St., Nampa, ID | 8 Percent Greenleaf and Maple LLC |
| 403 S. Maple St., Nampa, ID | 8 Percent Greenleaf and Maple LLC |
| 3100 Hwy 95, Council, ID | Harold J. Stone and Brenda K. Stone |
| 12913 Delmar Ave. Murphy, ID | Harold Stone, LLC |

The SEC may file Notices of *Lis Pendens*, or any similar document that has the effect of clouding title, on all pieces of real property listed above. Should Harold Stone wish to sell any piece of real property listed above, he shall give counsel for the SEC notice of the proposed sale prior to taking action to market or sell the property, and shall also seek and obtain the concurrence of the Court prior to the sale. Mr. Stone shall fully account for any proceeds received from the sale of such property to the Court and counsel for the SEC, and the proceeds of such sales shall be

frozen pursuant to the provisions of this Order and submitted to the registry of the Court, unless other agreements have been approved by order of the Court. Mr. Stone shall maintain insurance on the real properties listed above in the manner and at the value that is currently being maintained. No assignment, transfer, pledge, mortgage, security interest, lien, or other encumbrance of any nature in, to, or against any part of any real property listed above shall be allowed without approval of the Court.

The SEC and Mr. Stone shall each have the right to move the Court for relief from this Stipulation and Order and the Asset Freeze Initial Order, including the right to move to terminate or amend this Stipulation and Order and the Asset Freeze Initial Order, and the other party shall have the right to oppose any such motion. The entry of this Stipulation and Order is without prejudice to any such future motion seeking relief from, or amendment to, this Stipulation and Order and the Asset Freeze Initial Order.

**SO ORDERED**, this 17 day of October, 2024.

_____
The Honorable Victor Marrero
United States District Judge