USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/18/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>    v.<br><br>DAVID LEE STONE and JOHN D. ROBSON,<br><br>       Defendants,<br><br>and<br><br>HAROLD J. STONE,<br>GWENDOLYN STONE,<br>JUSTIN BLAKESLEY, and<br>BRETT R. ADAMS,<br><br>       Relief Defendants. | 22 Civ. 3553 (VM)<br><br>[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT DAVID LEE STONE AND RELIEF DEFENDANTS GWENDOLYN STONE AND HAROLD STONE |

   The Securities and Exchange Commission ("Commission") having filed an Amended Complaint ("Complaint") and Defendant David Lee Stone ("Defendant") having previously entered a general appearance, consented to the Court's jurisdiction over him and the subject matter of this action, and consented to the entry of Judgment as to injunctive relief, ECF No. 168 (Judgment as to Defendant David Lee Stone "Judgment"); and Relief Defendants Gwendolyn Stone and Harold Stone (together, "Relief Defendants") having entered general appearances and consented to the Court's jurisdiction over them and the subject matter of this action; and Defendant and Relief Defendants having consented to entry of this Final Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment:

1

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

(a) Defendant David Stone is liable for disgorgement of $5,423,840, representing ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $129,495, for a total of $5,553,335, with $3,227,800 of the disgorgement amount being deemed satisfied by the entry of the restitution and forfeiture orders against him in the related criminal case, *United States v. David Stone*, 22-CR-510-001 (S.D.N.Y.). These obligations shall be satisfied in the following order: (1) payment of $3,227,800, less any payments previously made by Defendant in full or partial satisfaction of the amounts owed by Defendant pursuant to the restitution and forfeiture orders in the related criminal case, to the United States Attorney's Office (a) first, by the parties identified in Section II, below, in accordance with the payment instructions in Section II, and (b) next, by Defendant, any remaining amounts owed pursuant to the restitution and forfeiture orders in the related criminal case; and (2) finally, by Defendant, the remaining $2,325,535 to the Commission.

(b) Relief Defendant Gwendolyn Stone is liable for disgorgement of $483,317, representing ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $11,428, for a total of $494,745, with these obligations being fully satisfied by The Charles Schwab Corporation ("Schwab") turning over, in accordance with Section III, below: (1) the full account balance of the Gwendolyn Stone Roth Contributory IRA account ending in 6027; and (2) the balance of Gwendolyn Stone's Schwab brokerage account ending in 1571, less $83,000. And

(c) Relief Defendant Harold Stone is liable for disgorgement of $102,611, representing ill-gotten gains as a result of the conduct alleged in the Complaint, together with

prejudgment interest thereon in the amount of $2,788, for a total of $105,399, with these obligations being fully satisfied by Schwab turning over, in accordance with Section III, below, the full account balance of a brokerage account titled in Harold Stone's name, account ending 2562.

For payments made to the Commission, Defendant and Relief Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payments may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants and Relief Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; listing (as applicable) David Stone as a defendant in this action or Gwendolyn Stone or Harold Stone as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

For any payment made to the Commission, the payor shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action: Christopher E. Martin, Senior Trial Counsel, 1961 Stout St., Suite 1700, Denver, CO 80294, martinc@sec.gov. By making or causing such payments, Defendant and/or Relief Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant or Relief Defendants.

For payments made to the Commission, the Commission shall hold the funds

(collectively, the "Fund") until further order of this Court. The SEC may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

The Commission may enforce the Court's judgment for disgorgement by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. Defendant and Relief Defendants shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that within seven (7) days after being served with a copy of this Final Judgment, J.P. Morgan Securities LLC shall liquidate—in first-in, first-out order—any remaining securities in, and transfer to the United States Attorney's Office Service the entire account balance of, the following account held in the name of David Stone that has been frozen pursuant to an Order of this Court; this payment shall be made towards David Stone's forfeiture obligations in the related criminal case, by postal money order, bank or certified check, made payable to the "United States Marshals Service", and delivered by mail to the: United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278, and shall indicate Defendant's name (David Stone) and case number (22-CR-510-001):

| Account Owner | Account ending in | Amount(s) to be transferred to the U.S. Attorney's Office |
|---|---|---|
| David Stone | 7053 | Full account balance |

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that within seven (7) days after being served with a copy of this Final Judgment, Fidelity Brokerage

Services, LLC, shall liquidate—in first-in, first-out order—any remaining securities in, and transfer to the United States Attorney's Office Service the entire account balance of, the following account held in the name of David Stone that has been frozen pursuant to an Order of this Court; this payment shall be made towards David Stone's forfeiture obligations in the related criminal case, by postal money order, bank or certified check, made payable to the "United States Marshals Service", and delivered by mail to the: United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278, and shall indicate Defendant's name (David Stone) and case number (22-CR-510-001):

| Account Owner | Account ending in | Amount(s) to be transferred to the U.S. Attorney's Office |
|---|---|---|
| David Stone | 2018 | Full account balance |

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that within seven (7) days after being served with a copy of this Final Judgment, Robinhood Financial LLC, shall liquidate—in first-in, first-out order—any remaining securities or other assets in, and transfer to the United States Attorney's Office Service the entire account balances of, the following accounts held in the name of David Stone that have been frozen pursuant to an Order of this Court; these payments shall be made towards David Stone's forfeiture obligations in the related criminal case, by postal money order, bank or certified check, made payable to the "United States Marshals Service", and delivered by mail to the: United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278, and shall indicate Defendant's name (David Stone) and case number (22-CR-510-001):

| Account Owner | Account ending in | Amount(s) to be transferred to the U.S. Attorney's Office |
|---|---|---|
| David Stone | 5823 | Full account balance |
| David Stone | 8065 | Full account balance |

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that within seven (7) days after being served with a copy of this Final Judgment, Schwab shall liquidate—in first-in, first-out order—any remaining securities in, and transfer to the United States Attorney's Office Service the entire account balances of, the following accounts held in the name of David Stone that have been frozen pursuant to an Order of this Court; these payments shall be made towards David Stone's forfeiture obligations in the related criminal case, by postal money order, bank or certified check, made payable to the "United States Marshals Service", and delivered by mail to the: United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278, and shall indicate Defendant's name (David Stone) and case number (22-CR-510-001):

| Account Owner | Account ending in | Amount(s) to be transferred to the U.S. Attorney's Office |
|---|---|---|
| David Stone | 3069 | Full account balance |
| David Stone | 0599 | Full account balance |
| David Stone | 5514 | Full account balance |
| David Stone | 3764 | Full account balance |

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that within seven (7) days after being served with a copy of this Final Judgment, Evolve Bank and Trust shall transfer to the United States Attorney's Office Service the entire account balance of the following account held in the name of David Stone that has been frozen pursuant to an Order of this Court; this payment shall be made towards David Stone's forfeiture obligations in the related criminal case, by postal money order, bank or certified check, made payable to the "United

States Marshals Service", and delivered by mail to the: United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278, and shall indicate Defendant's name (David Stone) and case number (22-CR-510-001):

| Account Owner | Account ending in | Amount(s) to be transferred to the U.S. Attorney's Office |
|---|---|---|
| David Stone | 089 | Full account balance |

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that within 90 days after being served with a copy of this Final Judgment, MicroVenture Marketplace, Inc. ("MicroVenture") shall take reasonable steps to liquidate any remaining securities held by MicroVenture for the benefit of David Stone that have been frozen pursuant to an Order of this Court, and shall transfer to the United States Attorney's Office Service the entire balance of the MicroVenture escrow account held for the benefit of David Stone including, but not limited to, the proceeds of any such liquidation(s), sale(s), transfer(s), and/or distribution(s); this payment shall be made towards David Stone's forfeiture obligations in the related criminal case, by postal money order, bank or certified check, made payable to the "United States Marshals Service", and delivered by mail to the: United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278, and shall indicate Defendant's name (David Stone) and case number (22-CR-510-001). If, after 90 days and the exercise of reasonable efforts, MicroVenture is unable to liquidate and sell, and continues to hold for the benefit of David Stone, any securities with more than de minimis value, MicroVenture shall cooperate with the United States Marshals Service to turn such assets over to the United States Marshal Service consistent with David Stone's forfeiture obligations in the related criminal case.

\* \* \*

When any of the entities identified above in this Paragraph II makes payment it shall also simultaneously transmit documentation to demonstrate the amount of the payment and case identifying information to the Commission's counsel in this action: Christopher E. Martin, Senior Trial Counsel, 1961 Stout St., Suite 1700, Denver, CO 80294, martinc@sec.gov.

After receipt by the U.S. Attorney's Office of the full account balances of the frozen accounts set forth above, the Court's Asset Freeze Order (ECF No. 17, as modified) is hereby extinguished as to Defendant David Stone.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that within seven (7) days after being served with a copy of this Final Judgment, Schwab shall liquidate—in first-in, first-out order—any remaining securities in, and transfer as specified herein the balances of, the following accounts that were frozen pursuant to Orders of this Court to the Commission, in full satisfaction of Gwendolyn Stone's disgorgement obligations:

| Account Owner | Acct. Ending in | Amount(s) to be transferred to the Commission |
|---|---|---|
| Gwendolyn Stone (Roth Contributory IRA) | 6207 | Full account balance |
| Gwendolyn Stone (brokerage) | 1571 | Account balance less $83,000 |

Schwab may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the Commission website at http://www.sec.gov/about/offices/ofm.htm. Schwab may also transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

After receipt by the Commission of the of the funds from the frozen endings identified above, the Court's Asset Freeze Order (ECF No. 17, as modified) is hereby extinguished as to Relief Defendant Gwendolyn Stone.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that within seven (7) days after being served with a copy of this Final Judgment, Schwab shall liquidate—in first-in, first-out order—any remaining securities in, and transfer the entire balance of, the following brokerage account ending that was frozen pursuant to Orders of this Court to the Commission, in full satisfaction of Harold Stone's disgorgement obligations.

| **Account Owner** | **Acct. Ending in** | **Amount(s) to be transferred to the Commission** |
|---|---|---|
| Harold Stone | 2562 | Full account balance |

Schwab may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the Commisison website at http://www.sec.gov/about/offices/ofm.htm. Schwab may also transfer these funds by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; and specifying that payment is made pursuant to this Final Judgment.

After receipt by the Commission of the entire balance of the frozen Schwab brokerage account ending in 2562, the Court's Asset Freeze Order (ECF Nos. 17, 95, as modified) is hereby extinguished as to Relief Defendant Harold Stone.

IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Defendant David Lee Stone and Relief Defendants Gwendolyn Stone and Harold Stone is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant and Relief Defendants shall comply with all of the undertakings and agreements set forth therein.

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant and Relief Defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant or Relief Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment. Further, Defendant has acknowledged that the Judgment entered against him (Docket Entry # 168) shall remain in full force and effect.

**SO ORDERED**.

Dated: December 18, 2024

_____
The Honorable Victor Marrero
United States District Judge